UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 06-02-01-T |
| ROBERT A. URCIUOLI, FRANCES P. DRISCOLL, PETER J. SANGERMANO, JR., and ROGER WILLIAMS MEDICAL CENTER | ) | |

DEFENDANT PETER J. SANGERMANO, JR.'S
MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE

Defendant Peter J. Sangermano ("Mr. Sangermano") respectfully submits this Motion to Compel Disclosure of Exculpatory Evidence. As is set forth more fully below in the Memorandum of Law filed herewith, Mr. Sangermano states that the government and counsel for Mr. Sangermano have been unable to agree upon the scope and definition of "exculpatory evidence" for purposes of the government's disclosure obligations, and that it is the position of the defense that the information and materials requested herein are clearly covered by Brady v. Maryland, 373 U.S. 83 (1963), material to the defense, and subject to immediate disclosure under Fed. R. Crim. P. 16.

In order to convict on the mail fraud charges, the government must prove a specific intent to defraud. Because good faith is a complete defense to these charges, Mr. Sangermano and his codefendants are entitled to the production of, *inter alia*, any evidence that tends to negate specific intent on the part of any defendant, or which would otherwise show that any defendant acted with a good faith belief as to the lawfulness of their actions. Likewise, any evidence that Mr. Sangermano or his codefendants lacked knowledge of, or did not agree to participate in the

alleged conspiracy, is exculpatory evidence. In addition, any information in the government's possession, custody or control that is inconsistent with or contradictory of, or which otherwise casts doubt on the credibility or accuracy of, the testimony and statements of the government's key witness John A. Celona, specifically, and, generally, of other anticipated government witnesses, constitutes exculpatory material which must be disclosed under Brady and its progeny.

**CONCLUSION**

Wherefore, Mr. Sangermano respectfully requests that the Court issue an order compelling the government to disclose any information in its possession, custody or control that falls within the description of exculpatory evidence set forth above.

Respectfully submitted,

PETER J. SANGERMANO,
By his attorneys,

James P. Redding
A. John Pappalardo
Greenberg Traurig LLP
One International Place
Boston, MA 02110
(617) 310-6000
reddingj@gtlaw.com
pappalardoj@gtlaw.com

Dated: May 22, 2006

**CERTIFICATION**

I certify that I caused a copy of the within Defendant Peter J. Sangermano, Jr.'s Motion to Compel Disclosure of Exculpatory Evidence to be mailed on May 22, 2006 to counsel of record, as stated below:

Robert Clark Corrente
United States Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Gerard B. Sullivan
Criminal Chief
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Luis M. Matos
Assistant U.S. Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dulce Donovan
Assistant U.S. Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

William P. Devereaux (Counsel for Roger Williams Medical Center)
Holland & Knight LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Thomas Frongillo (Counsel for Roger Williams Medical Center)
Weil Gotshal & Manges LLP
100 Federal Street
Floor 34
Boston, MA 02110

Kevin J. Bristow (Counsel for Frances P. Driscoll)
505 Turks Head Building
Providence, RI 02903

Robert G. Flanders, Jr. (Counsel for Robert A. Urciuoli)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Kristie M. Passalacqua (Counsel for Robert A. Urciuoli)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Michael J. Connolly (Counsel for Robert A. Urciuoli)
Hinckley, Allen & Snyder LLP
28 State Street
2nd Floor
Boston, MA 02109

Richard M. Egbert (Counsel for Robert A. Urciuoli)
99 Summer Street
Suite 1800
Boston, MA 02110

James P. Redding

#191051

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | **CRIMINAL NO. 06-02-01-T** |
| **ROBERT A. URCIUOLI, FRANCES P. DRISCOLL, PETER J. SANGERMANO, JR., and ROGER WILLIAMS MEDICAL CENTER** | ) | |

**DEFENDANT PETER J. SANGERMANO, JR.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

Defendant Peter J. Sangermano ("Mr. Sangermano") respectfully submits this Memorandum of Law in support of his Motion to Compel Disclosure of Exculpatory Evidence. As is set forth more fully below, Mr. Sangermano states that the government and counsel for Mr. Sangermano have been unable to agree upon the scope and definition of "exculpatory evidence" for purposes of the government's disclosure obligations, and that it is the position of the defense that the information and materials requested herein are clearly covered by Brady, material to the defense, and subject to immediate disclosure under Fed. R. Crim. P. 16.

Simply stated, in order to convict on the mail fraud charges, the government must prove a specific intent to defraud. Because good faith is a complete defense to these charges, Mr. Sangermano and his codefendants are entitled to the production of, *inter alia*, any evidence that tends to negate specific intent on the part of any defendant, or which would otherwise show that any defendant acted with a good faith belief as to the lawfulness of their actions. Likewise, any evidence that Mr. Sangermano or his codefendants lacked knowledge of, or did not agree to

participate in the alleged conspiracy, is exculpatory evidence. In addition, any information in the government's possession, custody or control that is inconsistent with or contradictory of, or which otherwise casts doubt on the credibility or accuracy of, the testimony and statements of the government's key witness John A. Celona ("Celona"), specifically, and, generally, of other anticipated government witnesses, constitutes exculpatory material which must be disclosed under Brady.

## BACKGROUND

Mr. Sangermano, along with codefendants Robert A. Urciuoli ("Urciuoli") and Frances P. Driscoll ("Driscoll"), was indicted on January 5, 2006 on charges of conspiracy and mail and wire fraud, all predicated on an alleged scheme to defraud the Rhode Island citizenry of the honest services of Mr. Celona. The government essentially claims that defendants induced former state senator John Celona to deprive the Rhode Island citizenry of their right to Mr. Celona's honest services by causing him (i) to be paid money (ii) "to improperly influence Celona's official actions to benefit" Roger Williams Medical Center ("RWMC") and its affiliates (iii) by "deceiving the State of Rhode Island and its citizens" through a Consulting Agreement and misleading representations to the State's Ethics Commission, holding out that Celona was a consultant for the RWMC affiliate Village at Elmhurst, LLC (the "Village"), when he in fact worked for RWMC. With respect to Mr. Sangermano, the government's theory appears to be that, as an indirect principal of the Village, Mr. Sangermano allowed RWMC to use the Village as a conduit for payment to Mr. Celona to conceal his relationship with RWMC.

## ARGUMENT

The Constitution requires the government to produce all "evidence favorable to an accused upon request . . . . where the evidence is material either to guilt or to punishment,

irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). The government's obligation to disclose exculpatory evidence requires it to provide to the defense, without limitation, all information within its possession, custody or control[1] that is favorable to the accused by reason of its tendency to: (a) cast doubt on the defendant's guilt as to any essential element in any count; (b) cast doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief; or (c) diminish the degree of the defendant's culpability or offense level under the United States Sentencing Guidelines.

Mr. Sangermano's Brady arguments for the disclosure of exculpatory evidence are twofold: first, any information in the government's possession, custody or control reflecting or otherwise tending to show good faith on the part of Mr. Sangermano or any of his codefendants; and second, any information in the government's possession, custody or control that is inconsistent with or contradictory of, or which otherwise casts doubt on the credibility or accuracy of, the testimony and statements of the government's key and possibly sole witness against Mr. Sangermano, Mr. Celona.

### A. The Government Must Promptly Disclose All Information That Will Tend to Negate Mr. Sangermano's Guilt.

"A duty to disclose arises when evidence is exculpatory." United States v. DeLuca, 945 F. Supp. 409, 413 (D.R.I. 1996). This obligation is so fundamental that "the government is required to provide exculpatory evidence to a defendant even though it was not requested." Id. Mr. Sangermano seeks exculpatory evidence to show that he and his codefendants did not act with the requisite criminal intent to support mail fraud or conspiracy charges. In order to show honest services mail fraud, the government must prove Mr. Sangermano's knowing and willing

[1]The government's obligation under Brady extends to all information in its possession, custody, or control. United States v. Hall, 434 F.3d 42, 55 (1st Cir. 2006). Accordingly, the "prosecutor must disclose information maintained by government agents even if the prosecutor herself does not possess the information." Id.

participation in a scheme to defraud with the specific intent to defraud. United States v. Sawyer, 85 F.3d 713, 723 (1st Cir. 1996). "'Willfully' means to act knowingly and purposely, with intent to do something the law forbids . . . with bad purposes either to disobey or to disregard the law." United States v. Woodward, 149 F.3d 46, 54 (1st Cir. 1998). In other words, the government must prove beyond a reasonable doubt that Mr. Sangermano believed he was committing a crime or violating the law at the time that he made use of the mails. Id.

Good faith is a complete defense to mail fraud, and the burden is on the government to prove lack of good faith beyond a reasonable doubt. Id. In honest services cases, the "requirement that the defendant act with specific intent to defraud encompasses both an intent to deprive the public of the honest performance of the public official's service and an intent to deceive the public." United States v. Potter, No. CR 03-081 ML, 2005 WL 2367677, *6 (D.R.I. Sept. 27, 2005). Further, to establish the specific criminal intent to deceive the public, the government must show that the defendant knew that his or her actions were fraudulent and, despite this knowledge, proceeded to take steps designed to conceal these fraudulent actions. United States v. Sawyer, 239 F.3d 31, 39, 47 (1st Cir. 2001).

With respect to the count of conspiracy to commit honest services mail fraud, in violation of 18 U.S.C. § 371, the Government will be required to prove that the object of the agreement would meet all the essential elements of the underlying offense, *i.e.*, honest services mail fraud. See United States v. Potter, No. Cr 03-081 ML, 2005 WL 2367677, *2, *6 (D. R.I. Sept. 27, 2005). Because a criminal conspiracy is in essence an agreement or confederation of conspirators to commit an unlawful act, the government is obligated to produce any information that Mr. Sangermano (or any of his codefendants) was unaware of the alleged conspiracy. See Braverman v. United States, 317 U.S. 49, 53 (1942) (precise nature and extent of conspiracy is

defined by agreement which embraces and defines its objects). Information tending to show that Mr. Sangermano (or any of his codefendants) was unaware of the alleged conspiracy is exculpatory and directly negates said person's alleged guilt. United States v. Boylan, 898 F.2d 230, 243 (1st Cir. 1990) (conspiracy trial must probe what kind of agreement or understanding existed as to each alleged conspirator).

**B. The Government Must Promptly Disclose All Information That Will Tend to Cast Doubt on the Credibility or Accuracy of the Statements and Testimony of Key Government Witness John Celona, and/or of Any Evidence the Government Anticipates Offering in Its Case-in-chief.**

Mr. Celona is the government's key witness against Mr. Sangermano, and as such his credibility is material to the defense. Accordingly, the government is obligated to disclose to the defense all information that is inconsistent with, contradictory of, or which otherwise tends to cast doubt on the credibility or accuracy of Mr. Celona's statements and testimony. "The Supreme Court . . . has found Brady violations where the Government failed to disclose impeachment evidence that could have been used to impugn the credibility of the Government's 'key witness,' [], or that could have 'significantly weakened' key eyewitness testimony." Conley v. United States, 415 F.3d 183, 189 (1st Cir. 2005) (citations omitted). "The prosecution's duty, as set forth in [Brady] and its progeny, to preserve and disclose evidence favorable to the accused is equally applicable to evidence that a defendant may use to impeach the Government's witnesses by demonstrating bias or interest." United States v. Cooper, 662 F. Supp. 913, 919 (D. R.I. 1987) (citing United States v. Bagley, 473 U.S. 667 (1985)).

In addition to the foregoing specific request with respect to Mr. Celona, Mr. Sangermano seeks the compelled production of all information that otherwise casts doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief.

Accordingly, Mr. Sangermano seeks, without limitation, exculpatory impeachment material, including:

1. With respect to any witnesses the Government may call at trial, and with respect to any codefendant or coconspirator, whether or not indicted, the following information:

a. the names and addresses of all such persons;

b. any federal or state convictions;

c. any pending or dismissed indictments, informations, and complaints and, if any are dismissed, the reasons for such dismissal;

d. any federal or state arrests, and the records thereof;

e. any federal or state prison records;

f. any information pertaining to whether any such person has been hospitalized for psychiatric or emotional disorders, and, if so, the names of any institutions involved and the dates of any hospitalization;

g. any information pertaining to whether any such person has been hospitalized for alcoholism or drug abuse, and, if so, the names of any institutions involved and the dates of any hospitalization;

h. any information pertaining to whether any such person has been otherwise treated for psychiatric or emotional disorders, alcoholism, or drug abuse, and, if so, any and all reports relating to such condition, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substances, has ever been an alcoholic, or has any other dependency; any information or records reflecting impairments of sight, hearing, memory, language, or any other physical or psychological disability; and any information and records that any prospective government witness may have suffered from any mental or emotional disease, disorder, or defect during the time period alleged in the indictment.

i. any information pertaining to whether the veracity of any such person has been submitted to polygraph or other veracity-probing examination, and, if so, the full results of such examinations;

j. any information of criminal conduct although such person has not been arrested, indicted, or otherwise charged for such conduct;

k. any reports, memoranda, or statements prepared by the government from interviews with witnesses that contain exculpatory information;

l. any evidence of physical infirmity of any such person, along with results and reports of same, which infirmity might affect said person's ability to perceive or recall, or otherwise affect his credibility;

m. any evidence tending to show that the reputation of any such person for truth telling is bad;

n. any information pertaining to whether any such persons have been witnesses at any other trial or civil proceeding related in any way to the subject matter of this cause and a transcript of such testimony or statements;

o. any statement, testimony, information, or document provided by a prospective government witness that conflicts in whole or in part with: (1) the statement of another prospective witness; (2) a prior statement made by the same government witness with regard to the subject matter of the expected trial testimony or witness; and (3) any other document or witness;

p. any statements, communications, testimony by or information relating to a prospective government witness of bias or prejudice against Mr. Sangermano or his codefendants by such persons;

q. any evidence that any such persons have motive to falsify or distort his or her testimony, and admissions of poor memory or lack of knowledge of any such persons; and

r. any evidence inculpating others in the offenses charged, or evidence indicating a witness' refusal to inculpate Mr. Sangermano.

2. With respect to any person who, when questioned in any manner by the government, refused or were unable to inculpate Mr. Sangermano, or who otherwise who made an arguably favorable or exculpatory statement concerning him:

a. names and addresses of all such persons; and

b. any reports, memoranda, or statements which contain interviews with, or descriptions of or by, all such persons relevant to their recollection of the matters about which the government was seeking information.

3. With respect to any witness or evidence presented before the Grand Jury, the following:

a. any testimony by a Grand Jury witness inconsistent with any previous testimony or statement of whatever sort such person may have given;

b. any statements, communications, testimony or information indicating bias or prejudice against Mr. Sangermano or his codefendants;

c. any testimony by a Grand Jury witness inconsistent with the testimony of other Grand Jury witnesses;

d. any testimony by a Grand Jury witness inconsistent with any previous Grand Jury testimony given by such witness;

e. any testimony of a Grand Jury witness inconsistent with any statement, written or oral, known to the government;

f. any evidence, other than testimony, presented before the Grand Jury inconsistent with the testimony of any Grand Jury witness;

g. any Grand Jury evidence, other than testimony, inconsistent with that presented at any trial or proceeding of any kind, civil or criminal, related to the subject matter of this cause;

h. any Grand Jury evidence, other than testimony, inconsistent with any other Grand Jury evidence;

i. admissions of poor memory or lack of knowledge of any Grand Jury witness;

j. any testimony of a Grand Jury witness tending to show that Mr. Sangermano was not involved in the offenses charged;

k. failure of any Grand Jury witness to inculpate defendant, where such witness was in a position to have known of Mr. Sangermano's involvement, if any, in the offenses charged;

l. the names and addresses of all persons whom the government considered calling before the Grand Jury, but failed to call, and the reasons therefor;

m. any testimony or evidence before the Grand Jury inculpating others in the offenses charged; and

n. the names and addresses of any Grand Jury witnesses invoking the right against self-incrimination before the Grand Jury; the number of times each witness invoked such privilege; and the circumstances surrounding each such invocation.

4. Any written, recorded, or oral statements made by the defendant to any person.

5. The results, reports and opinions obtained from examinations, tests and experiments on physical items and evidence including, without limitation, electronic data recovery efforts.

6. Any evidence concerning searches and seizures, electronic or otherwise, which might make said search or seizure tainted or illegal.

7. Any information which the government has, or later obtains, that in any way indicates that any statement or testimony of a witness or other person is false or misleading.

8. Any and all tax statements or records or any kind, state or federal, of defendant or any alleged coconspirator or any other person, that relate or might relate directly or indirectly to exculpation, mitigation or impeachment, or which might lead to information or evidence related to exculpation, mitigation, or impeachment.

9. Any and all records of any kind, maintained by any person or persons, which pertain directly or indirectly to the alleged violations of the United States Code, referred to in the Indictment, and which relate or might relate directly or indirectly to exculpation, mitigation, or impeachment, or that might lead to information or evidence related to exculpation, mitigation, or impeachment.

10. Any and all negotiable instruments, whether personal checks, cashiers checks, promissory notes, or otherwise, related in any way to this cause.

11. Any and all documentary evidence of any kind not described above which in any way relates or might relate, directly or indirectly, to exculpation, mitigation, or impeachment, or that might lead to evidence or information related to exculpation, mitigation, or impeachment.

12. With respect to any witness the government may call at trial and with respect to any codefendant or coconspirator, whether indicted or unindicted, the following information, whether or not memorialized in a written memorandum or report, concerning favorable treatment or other inducements (including, but not limited to, the possibility of foregoing prosecution, lesser charges, reduced sentencing, assistance with immigration/deportation matters (with foreign or domestic authorities), and immunity) or other compensation given to, or promised to, any government witness (or any family member, friend, associate) in exchange for his or her assistance to federal, or state authorities in this or any other case. This should include the date, exact nature, and identity of the person or entity providing such compensation, and specifically includes without limitation:

a. any plea bargain agreement entered into with the government;

b. any agreement granting any type of immunity in exchange for testimony; and

c. any other type of consideration, monetary or otherwise, given in exchange for testimony.

13. With respect to any informants used, or to be used, by the government in the investigation and prosecution of this cause, the following information:

a. the identity and address of such informant;

b. any information casting doubt on the informant's credibility, including but not limited to:

i. criminal records, federal or state;

ii. any reported history of psychiatric disturbance, drug dependency, alcoholism, or other emotional disturbance;

iii. any reports, or memoranda, relating to informant's communications to the government, or statements of the informant inconsistent with other such documents prepared from prior or subsequent informant communications to police or government; and

iv. any reports or memoranda relating to informant's communications to the government, or statements of the informant, which are inconsistent with statements of other government witnesses, or reports or memoranda based on the communications of other government witnesses.

Mr. Sangermano respectfully requests that the Court compel the government to review all documents and information, in any form, in its possession, custody or control that relate to this matter and may include exculpatory information, i.e., any evidence or information that tends to negate specific intent on the part of any defendant, or which would otherwise show that any defendant acted with a good faith belief as to the lawfulness of their actions; and any information that is inconsistent with or contradictory of the testimony and statements of Mr. Celona, or which otherwise casts doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief. The requested review to be performed by the government should encompass all information, documents and other writings, in final and draft form, if any, whether in hard copy or electronic form (for example, writings on FBI I-drives), including without limitation, all statements and/or reports of interviews, 302s, grand jury testimony, witness statements and agents' notes.

**CONCLUSION**

For all of the foregoing reasons, Mr. Sangermano respectfully requests that the Court issue an order compelling the government to disclose any information in its possession, custody or control that falls within the description of exculpatory evidence set forth above.

Respectfully submitted,

PETER J. SANGERMANO,
By his attorneys,

James P. Redding
A. John Pappalardo
Greenberg Traurig LLP
One International Place
Boston, MA 02110
(617) 310-6000
reddingj@gtlaw.com
pappalardoj@gtlaw.com

Dated: May 22, 2006

**CERTIFICATION**

I certify that I caused a copy of the within Defendant Peter J. Sangermano, Jr.'s Memorandum of Law in Support of Motion to Compel Disclosure of Exculpatory Evidence to be mailed on May 22, 2006 to counsel of record, as stated below:

Robert Clark Corrente
United States Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Gerard B. Sullivan
Criminal Chief
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Luis M. Matos
Assistant U.S. Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dulce Donovan
Assistant U.S. Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

William P. Devereaux (Counsel for Roger Williams Medical Center)
Holland & Knight LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Thomas Frongillo (Counsel for Roger Williams Medical Center)
Weil Gotshal & Manges LLP
100 Federal Street
Floor 34
Boston, MA 02110

Kevin J. Bristow (Counsel for Frances P. Driscoll)
505 Turks Head Building
Providence, RI 02903

Robert G. Flanders, Jr. (Counsel for Robert A. Urciuoli)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Kristie M. Passalacqua (Counsel for Robert A. Urciuoli)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Michael J. Connolly (Counsel for Robert A. Urciuoli)
Hinckley, Allen & Snyder LLP
28 State Street
2nd Floor
Boston, MA 02109

Richard M. Egbert (Counsel for Robert A. Urciuoli)
99 Summer Street
Suite 1800
Boston, MA 02110

James P. Redding

#191051