**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 06-02-3T** |
| | : | |
| **ROBERT A. URCIUOLI,** | : | |
| **FRANCES P. DRISCOLL, and** | : | |
| **PETER SANGERMANO, JR.,** | : | |

**UNITED STATES' OBJECTION TO DEFENDANT**
**SANGERMANO'S MOTION FOR SEVERANCE**

Defendant Peter Sangermano has filed a motion to sever his trial from that of his codefendants, Robert Urciuoli and Frances Driscoll. For the reasons stated in the accompanying memorandum of law being filed simultaneously herewith, the United States objects to Sangermano's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

Dated: May 30, 2006

LUIS M. MATOS
DULCE DONOVAN
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May, 2006, I caused to be sent by first class regular mail a true copy of the within United States' Objection to Defendant Sangermano's Motion for Severance to:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

K Anderson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-3T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, and | : | |
| PETER SANGERMANO, JR., | : | |

UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT SANGERMANO'S MOTION FOR SEVERANCE

## I. Introduction

On April 7, 2006, Defendant Peter Sangermano filed a motion to sever his trial from that of his codefendants, Robert Urciuoli and Frances Driscoll.[1] Sangermano argues that severance is appropriate because the United States "may" proffer grand jury testimony of his codefendant Urciuoli at trial and thus a "potential" issue pursuant to Bruton v. United States, 391 U.S. 123 (1968), "may" exist. Def.'s Mem. in Supp. of Mot. for Severance (hereinafter "Supp. Mem.") at 1. Sangermano also argues that severance is appropriate because he and Urciuoli would present antagonistic defenses at trial so irreconcilable as to prevent a jury from rendering a reliable verdict.

Sangermano's motion is premature. Indeed, in his memorandum Sangermano concedes that "[i]t is unclear at present as to whether or not the government intends to introduce" the statements about which Sangermano is concerned. Supp. Mem. at 10. Severance is an "extreme" remedy, United States v. Neal, 36 F.3d 1190, 1207 (1st Cir. 1994), reserved only for

[1] Defendant Driscoll has also filed a motion to sever her trial from that of her codefendant Urciuoli. All three Defendants have filed motions to dismiss the Indictment.

instances where a defendant can demonstrate that a joint trial would in fact "compromise a specific trial right, . . . or prevent the jury from making a reliable judgment about guilt or innocence," Zafiro v. United States, 506 U.S. 534, 539 (1993). Sangermano's mere speculation about what evidence will be presented at trial does not suffice to overcome the "intentionally high" "hurdle" of demonstrating that severance is appropriate. United States v. Flores-Rivera, 56 F.3d 319, 325 (1st Cir. 1995).

In addition, Sangermano's claim that he and Urciuoli will present antagonistic defenses at trial is also premature. Neither Sangermano nor Urciuoli have yet articulated his theory of defense. Sangermano points to Urciuoli's state grand jury testimony to illustrate that their potential, as-yet-unstated, defenses are irreconcilable. Quite simply, Urciuoli's grand jury testimony does not lead to that conclusion. The mere possibility that Sangermano will claim his innocence and point the finger at Urciuoli, or vice-versa, does not justify severance. See United States v. Angiulo, 897 F.2d 1169, 1195 (1st Cir. 1990). Accordingly, Sangermano's motion should be denied.

## II. Factual Background

On January 5, 2006, a federal grand jury returned an indictment charging Defendants Robert A. Urciuoli, Frances P. Driscoll, and Peter J. Sangermano with conspiracy to commit honest services mail fraud.[2] The Indictment also charges Defendant Driscoll with one count of honest services mail fraud and Defendants Urciuoli, Sangermano and Roger Williams Medical

---

[2] As the Court is aware, the Indictment also named Roger Williams Medical Center ("RWMC"). On April 8, 2006, the Court dismissed RWMC from the case pursuant to a Motion to Dismiss based on RWMC entering into a Deferred Prosecution Agreement with the United States.

Center with thirty-six counts of honest services mail fraud.

Generally, the Indictment charges that from August of 1997 through January 8, 2004, Defendants conspired with John Celona, a former Rhode Island State Senator, to defraud the citizens of the State of Rhode Island of their intangible right to the honest services of Celona, and to have those services performed free from deceit, favoritism, bias, conflict of interest and self-enrichment. Indictment (hereinafter "Indict.") ¶ 14. The objects of the conspiracy were: (1) to pay money to Celona, pursuant to a consulting agreement, "so as to improperly influence and affect the official actions of Celona, specifically, to cause him to use his influence, power and authority as a State Senator to benefit the political and financial interests of RWMC and its affiliates; and (2) to deceive the State of Rhode and its citizens concerning Celona's relationship with RWMC in order for Celona to continue to promote the political interests of RWMC and its affiliates." Id. ¶¶ 15, 16.

The Indictment sets forth the process by which Defendants caused Celona to enter into a consulting agreement with the Village to work on issues relating to senior affairs while their true purpose was to have Celona perform duties for RWMC and report to Frances Driscoll. Id. ¶¶ 21-25. Celona's consulting agreement with the Village was a way of hiding Celona's relationship with RWMC from the State of Rhode Island and its citizens, allowing Celona to promote RWMC's political interests in his official capacity without revealing the true nature of Celona's work relationship to RWMC and the attendant conflict of interest. Defendants also hid Celona's relationship with RWMC by requesting an opinion from the Rhode Island Ethics Commission based on false and misleading information concerning Celona's relationship with RWMC. Indict. ¶¶ 41-44. For approximately six years, Defendants directed Celona to use his "influence,

power and authority" to take official actions which benefitted RWMC and its affiliates. Id. 14, 19.

## III. Argument

### A. Standard for Severance

Defendant Sangermano does not contend that the criminal charges against him were improperly joined with that of his codefendants under Federal Rule of Criminal Procedure 8(b).[3] Indeed, "[j]oint trials play a vital role in the criminal justice system . . . ." Richardson v. Marsh, 481 U.S. 200, 209 (1987). "They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro, 506 U.S. at 537 (internal quotations omitted). Nevertheless,

> [i]f the joinder of offenses or defendants appears in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(b). A court should grant a severance under Rule 14(b) "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. "Incidental spillover prejudice . . . does not suffice" to make out a case for severance. United States v. Yefsky, 994 F.2d 885, 896 (1st Cir. 1993). A defendant must make a "strong

[3] Rule 8(b) provides:

> **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

showing of prejudice" by articulating "specific ways" in which he would be prejudiced. Id. Moreover, "[s]everance is only one remedy - and certainly the most extreme- in the federal courts' remedial arsenal." United States v. Leichter, 160 F.3d 33, 36 n.4 (1st Cir. 1998). Often, "less drastic measures, such as limiting instructions, . . . will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539. Severance is especially disfavored in conspiracy cases. United States v. DiMarzo, 80 F.3d 656, 659 (1st Cir. 1996). This Court's severance rulings are reviewed for "manifest abuse of discretion," United States v. DeLeon, 187 F.3d 60, 63 (1st Cir. 1999), reversed only upon a "strong showing of evident prejudice," United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993).

**A. Sangermano's Claim of Prejudice is Speculative and his Motion is Premature**

Sangermano claims that introduction of Urciuoli's state grand jury testimony, which he contends is facially incriminatory of Sangermano, "may" present a problem under Bruton because Sangermano would be unable to cross-examine Urciuoli about his statements implicating him. Supp. Mem. at 1. Sangermano acknowledges that it is "unclear" whether the United States intends to introduce any portion of Urciuoli's state grand jury testimony. Id. at 10. Further, although he states that he "anticipate[s]" that Urciuoli will not testify at trial, Sangermano does not represent that he knows this to be the case. Id. at 13.

Sangermano's motion is premature and speculative. The United States may not introduce Urciuoli's grand jury testimony at trial and Urciuoli may testify. Either of these events would eliminate any possible Bruton problem and one of the bases for Sangermano's motion. Accordingly, Sangermano cannot meet the high hurdle he must overcome to justify severance

and his motion should be denied without prejudice to renew his motion if it becomes clear that a Bruton problem truly exists. See United States v. Webb, 827 F. Supp. 840, 842-43 (D. Mass. 1993) (denying without prejudice as premature defendant's motion to sever based on Bruton where government might not introduce codefendant statements or might be able to adequately redact them). See also United States v. York 1988 WL 34822, * 1 (S.D.N.Y. March 31, 1988) (denying severance motion as premature where codefendant might testify and thus, no Bruton problem would exist).

In addition, it is difficult to discern the basis for Sangermano's position that Urciuoli's statements in his grand jury testimony "facially incriminate" Sangermano. Supp. Mem. at 10. The testimony to which Sangermano points consists, in essence, of: (1) Urciuoli stating that Sangermano hired Celona; (2) that Sangermano was part of the process of "working out the details" of what Celona's responsibilities would be; (3) describing the manner in which the Village paid Celona; (4) stating that Celona reported in part to Sangermano; and (5) that he is unsure the types of records Sangermano maintained. Supp. Mem. at 2-10. In arguing for severance, Sangermano fails, other than in conclusory fashion, to articulate how or why Urciuoli's statements are incriminatory.[4] Indeed, it appears from Sangermano's motion to dismiss that at least one of his theories of defense is that he cannot be guilty of honest services fraud because he did not know the activities which Celona was performing on RWMC's behalf.

---

[4] Whether a Bruton problem is truly presented by the testimony which Sangermano highlights is open to question. Bruton involved a codefendant's confession which directly implicated a nontestifying codefendant. 391 U.S. at 125-26. Its application includes other "powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant." Id. at 135-36. The Urciuoli testimony cited by Sangermano does not meet this standard.

See Def.'s Mem. in Supp. of Mot. to Dismiss at 12 ("The government does not allege . . . that Sangermano has any foreknowledge or contemporaneous knowledge of conduct by Celona on behalf of RWMC.") In that case, Urciuoli's grand jury testimony to which Sangermano points is not necessarily incriminatory.

Furthermore, Sangermano concedes that the preferred method of curing a true Bruton problem is to redact the statements or testimony at issue to remove any reference to the non-testifying codefendant. Supp. Mem. at 14-15. For many of the statements to which Sangermano points, deleting Sangermano's name would not necessarily leave jurors with the inescapable conclusion that it was Sangermano's name which was deleted, thus eliminating any potential Bruton problem. In addition, eliminating Sangermano's name is not necessarily the only means of redacting the offending testimony. Accordingly, because it is speculative whether a Bruton problem truly exists, and if one does exists there are alternative means of addressing the problem, Sangermano's Motion for Severance should be denied.

**B. Sangermano Cannot Demonstrate that He and Defendant Urciuoli Will Present Defenses So Antagonistic to One Another to Justify Severance**

Sangermano claims that at trial he and Defendant Urciuoli will present antagonistic defenses thus, warranting separate trials. He makes this argument, despite acknowledging that "it is not possible to fully brief this issue in view of the incomplete state of discovery . . . ." Supp. Mem. at 17. Sangermano contends, nevertheless, that severance is warranted because Urciuoli's grand jury testimony illustrates that he and Urciuoli differ over "acts and events relating to the charges in the Indictment."[5] Supp. Mem. at 17.

---

[5] Counsel for the United States is aware that a joint defense agreement exists between the codefendants. A joint defense agreement "protects communications between an individual and

"Antagonism of defenses requires severance only where the defenses are so inconsistent that the jury would have to believe one defendant at the expense of the other; the conflict alone establishes the guilt of a defendant. It is not enough that the defendants are hostile, casting blame on one another; the antagonism in defenses must be such that if the jury believes one defense, it is **compelled** to convict the other defendant. Angiulo, 897 F.2d at 1194-95 (internal quotations omitted) (emphasis added). Merely claiming that one was not involved in the crimes charged, does not justify severing trials. Id. at 1195. "Fingerpointing and tattling" does not entitle a defendant to a trial separate from his codefendants pursuant to Rule 14. Id.

Sangermano's concession that it is too early to decide whether severance is appropriate provides the basis upon which the Court should deny his motion. See United States v. Heatley, 1997 WL 12961, * 2 (S.D.N.Y. Jan. 14, 1997) (denying severance motion where defendants "implicitly recognize that the case may undergo significant change between now and the time of trial. They make their proffer for severance based solely on the case as it is represented before the Court today.") (internal quotations omitted) (attached). Although Sangermano claims he and Urciuoli "may" present antagonistic defenses, nowhere does Sangermano posit what his, or Urciuoli's, defense might be. It is impossible to assess whether the jury would be unable to reconcile Sangermano's and Urciuoli's defenses without knowing what they are. Accordingly, his motion to sever should be denied. See United States v. Sciandra, 529 F. Supp. 320, 323 (S.D.N.Y. 1982) ("The mere possibility of a conflict . . . does not entitle a defendant to a separate

an attorney for another when the communications are part of an ongoing and joint effort to set up a common defense strategy." In re Grand Jury Subpoena, 274 F.3d 563, 572 (1st Cir. 2001) (internal quotations omitted) (emphasis added). Thus, Sangermano's argument that severance is warranted based on the existence of antagonistic defenses between himself and Urciuoli is questionable in light of this fact.

trial.)

In an attempt to convince the Court that severance is warranted, Sangermano highlights several "core and fundamental facts" which, he claims, demonstrate that he and Urciuoli have "diametrically opposed views" of the case. Supp. Mem. at 18. For example, Sangermano asserts: (1) either Celona reported to Sangermano, or he did not; (2) either Sangermano decided questions relating to Celona's salary, or he did not; and (3) either Sangermano had responsibility for the consulting agreement or he did not. Id. at 18. Differences over these issues does not lead to the type of incompatibility warranting severance. The jury could believe Urciuoli's version as to some of these events, and Sangermano's, as to others. Sangermano could, as suggested in his motion to dismiss, concede his participation in several of these events but claim he lacked knowledge as to Urciuoli's underlying intent in hiring Celona. In sum, nothing at this stage in the proceeding illustrates a conflict in Sangermano's and Urciuoli's defenses such that the jury would be compelled to convict Sangermano. United States v. Pena-Lora, 225 F.3d 17, 33 (1st Cir. 2000) ("In order to gain a severance based on antagonistic defenses the antagonism must be such that if the jury believes one defense, it is **compelled** to convict the other defendant.") (internal quotations omitted). Because Sangermano has failed to overcome the presumption in favor of joinder, his motion should be denied.

## IV. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court deny Defendant Sangermano's motion for severance.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

~~LUIS~~ M. MATOS
DULCE DONOVAN
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May, 2006, I caused to be sent by first class regular mail a true copy of the within United States' Memorandum in Support of its Objection to Defendant Sangermano's Motion for Severance to:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

[signature]