**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-3T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, and | : | |
| PETER SANGERMANO, JR. | : | |

**UNITED STATES' OBJECTION TO DEFENDANT SANGERMANO'S**
**MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

Defendant, Peter Sangermano, has filed a motion to compel disclosure of exculpatory evidence. For the reasons stated in the accompanying memorandum of law being filed simultaneously herewith, the United States objects to defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

LUIS M. MATOS
DULCE DONOVAN
Assistant U.S. Attorneys

Dated: June 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2006, I caused to be sent by first class regular mail a true copy of the within United States' Objection to Defendant Sangermano's Motion to Compel Disclosure of Exculpatory Evidence to:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

[signature]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-3T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, and | : | |
| PETER SANGERMANO, JR. | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT SANGERMANO'S MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

## I. Introduction

On May 22, 2006, defendant Peter Sangermano filed a motion to compel disclosure of exculpatory evidence. Sangermano states that he and the Government have been unable to agree upon the scope of a definition of exculpatory evidence and submits a generic, boilerplate, request for exculpatory evidence. The United States agrees, as is evident under applicable law, that it must provide exculpatory evidence. However, the United States respectfully submits that, despite the Court's direction to do so, and despite the dictates of Local Rule of Criminal Procedure 12(c), defendant has failed to specifically identify what evidence he believes must be produced and to provide the basis for his request. Accordingly, the United States requests that defendant's motion to compel be denied.

## II. Factual Background

On January 5, 2006, a Grand Jury returned an Indictment charging defendants Robert A. Urciuoli, Frances P. Driscoll, and Peter J. Sangermano with conspiracy to commit honest services mail fraud. The Indictment also charges defendant Driscoll with one count of honest

services mail fraud and defendants Urciuoli and Sangermano with thirty-six counts of honest services mail fraud.

On February 10, 2006, the United States complied with Rule 16 of the Federal Rules of Criminal Procedure and the Court's standard pretrial discovery order and produced voluminous discovery to the defendant in electronic format. The United States produced approximately 6,000 pages of documents as well as interview reports and Grand Jury testimony for approximately 25 individuals, including existing interviews and/or testimony of all three defendants. In addition, the United States agreed to make available to the defendant the remaining documents that relate to this case but were not produced because they do not fall within the parameters of Rule 16.[1] Defendant has yet to review the additional documentation, although his counsel is scheduled to review the material on June 7, 2006.

On April 3, 2006, counsel for the defendant, John Pappalardo, Esq. and James Redding, Esq., met with counsel for the United States and stated that there were certain interview reports that they believed should be produced pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and also expressed their concern about whether all pertinent electronic mail messages had been produced. The United States responded by requesting a list of interview reports the defendant requested and basis for the request and by stating that the electronic mail that was available and which was required to be produced pursuant to applicable law, had been produced and that the remainder were available for defendant's review. Counsel for defendant agreed to provide a list

---

[1] Defendant subsequently identified technical issues that he claimed prevented him from viewing all the documents and, accordingly, the United States produced duplicate versions of the discovery materials on February 16, 2006, and, again on April 12, 2006. The April 12th production also contained limited supplemental materials.

of the interview reports he sought as well as the basis for his request.

On April 13, 2006, the Court held a teleconference during which the defendant brought up the issues of the interview reports and the electronic mail. The Court suggested to counsel for defendant that defendant provide the United States with a list of the information he was seeking and the basis for his belief that the information constituted Brady material.

On April 14, 2006, defendant submitted a letter to the Unites States outlining certain information that he was seeking as discovery. Attachment 1-7. As in his present motion, defendant provided a laundry list of items in his letter but, with the exception of material related to John Celona, failed to provide the basis for his belief that the items he sought existed and contained Brady material. Defendant sought: (1) an unredacted version of an interview report pertaining to John Celona; (2) additional interview reports which he listed in his letter; (3) impeachment material, including information regarding the United States' internal deliberations about whether an Indictment charging the defendant should be submitted to the Grand Jury; and (4) what he classified as missing electronic mail.[2]

The United States responded on April 18, 2006, by stating, in essence that: (1) in regard to John Celona, the United States would provide an unredacted interview report once a protective order is in place, either by agreement of counsel or upon an application to the Court;[3] (2) in regard to other interview reports, it was the government's understanding that defendant would

---

[2] Defendant also sought other items that are not relevant to this motion, such as more legible copies of certain documents which had been previously produced.

[3] The United States has provided two versions of a proposed protective order to the defendant. Although counsel for defendant Urciuoli has responded and objected to the content of the proposed protective orders, defendant Sangermano has yet to respond to the United States' proposed protective orders.

not only identify the witnesses but provide a basis for his request, which he had yet to support; (3) that defendant's request for internal, deliberative process, information regarding charging decisions in this matter is not only beyond the realm of any Rule 16 obligation, but is also privileged and irrelevant; (4) to the extent that information exists which is required under Brady and Giglio v. United States, 405 U.S. 150 (1972), it had been provided with the Government's initial discovery package, dated February 3, 2006; and (5) in regard to defendant's request for "missing e-mails," that the government had provided defendant with the electronic mail messages that had been obtained during the course of the investigation and which were required to be turned over in accordance with Rule 16. Attachment 8-10.

Despite the United States' request for a more focused and substantiated request from the defendant supporting his requests, none was forthcoming. Counsel for defendant, John Pappalardo, did indicate, at a later date, a desire to meet again and the undersigned Assistant U.S. Attorney represented to Mr. Pappalardo that he would be available. However, Mr. Pappalardo did not subsequently schedule such a meeting. Instead, defendant filed the present motion.

## III. Argument

Defendant states in his motion that he and the United States have been unable to agree upon the scope of and definition of "exculpatory evidence." His statement misses the mark in regard to the present issue. The United States is well aware of its Brady obligations and has provided discovery in this matter in compliance with its obligations under Brady and Giglio, and in accordance with this Court's pre-trial order. For instance, the United States certainly does not dispute that good faith is a defense to the charges that have been leveled against the defendant. However, the United States does not believe that Brady requires the government to respond to the

interrogatory like, boilerplate, list of items that the defendant claims to be seeking.

In accordance with Local Rule 12(c), the United States has repeatedly requested that defendant focus his request so that the parties could narrow any potential issues, address them, and submit them to the Court, if necessary, as reflected in the correspondence outlined above and attached to this response. Nonetheless, not only has the defendant not responded to the government's April 18th letter and request for more clarification and substantiation for his requests, he has filed a overbroad motion that, aside from the John Celona issue, does not address any of the items that had been the subject of the parties' correspondence. Instead, he seeks information such as contact information for all witnesses and information regarding any promises or inducements provided to any witnesses the government may call "including but not limited to, the possibility of foregoing prosecution, lesser charges, reduced sentencing, **assistance with immigration deportation matters (with foreign or domestic authorities)**, and immunity." Sangermano Motion at 10 (emphasis added). However, he does not even identify the additional interview reports that he is seeking nor does he explain why he believes they constitute Brady or Giglio material.

The United States has provided Giglio information regarding John Celona and defendant is fully aware of the crimes to which Mr. Celona has plead guilty. As has previously been discussed with the Court, the United States has withheld portions of an FBI 302 report of Mr. Celona which deals with ongoing investigations. The United States is prepared to make the unredacted version of the report available once an appropriate protective order is in place. To date, the parties have not agreed upon the contours of the protective order nor has the defendant

responded to the United States April 18th letter regarding the issue.[4]

In regard to the remainder of the defendant's motion, as the United States has stated repeatedly, it is aware of its continuing obligations under Brady and Giglio. For instance, there is no dispute that information regarding any promises or inducements provided to any witnesses the government may call must be produced (although immigration issues have not been at the forefront of the concerns expressed by the witnesses in this case).[5] To the extent that such information exists, and is required under Brady and Giglio, it has been provided. However, short of any substantiation for specific items that the defendant is seeking, nothing more is warranted at this time.

---

[4] The United States expects that defendant Robert Urciuoli will also be filing a motion to compel which addresses the redacted John Celona 302. The United States incorporates, prospectively, its response to defendant Urciuoli's motion regarding the Celona 302, into its opposition to defendant Sangermano's motion to compel.

[5] However, the United States does not believe that is has any obligation under applicable law to provide contact information for witnesses and defendant has not provided any support for such a request.

## IV. <u>Conclusion</u>

Based upon the foregoing, the United States respectfully requests that the Court deny Defendant Sangermano's motion to compel.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
DULCE DONOVAN
Assistant U.S. Attorneys

Dated: June 6, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2006, I caused to be sent by first class regular mail a true copy of the within United States' Memorandum in Support of its Objection to Defendant Sangermano's Motion to Compel Disclosure of Exculpatory Evidence to:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

[signature]

Greenberg
Traurig

RECEIVED
APR 17 2006
U.S. ATTORNEY
DISTRICT OF R.I.

James P. Redding
Tel. 617.310.6061
Fax 617.897.0961
reddingj@gtlaw.com

April 14, 2006

Luis M. Matos, Esq.
Assistant United States Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Re: **United States of America v. Peter J. Sangermano, Jr.**
**C.R. 06-02-01-T**

Dear Mr. Matos:

Consistent with its disclosure obligations under Fed. R. Crim. P. 16 and Brady, Giglio and their progeny, we request on behalf of defendant Mr. Peter J. Sangermano that the government produce the following information:

1. Exculpatory Material.

We have reason to believe, based upon information available to us, that material constituting or reflecting the statements, testimony or interviews of the following people is exculpatory material the production of which is due and owing, and with respect to which the government has not met its clear disclosure obligations:

- John Celona
  - o certain interview reports previously produced to us have been heavily redacted; please confirm that the government has provided us with all of the Celona interview reports, in their original, unredacted form, along with any other responsive material relating to Celona.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH



Greenberg Traurig, LLP | Attorneys at Law | One International Place | Boston, MA 02110 | Tel 617.310.6000 | Fax 617.310.6001 www.gtlaw.com

- Bob Budway
- Lee Guadry
- Tom Slowey
- Dennis Moore
- Lisa Hawthorn
- Linda Gershan
- Representative Mesollelo

In addition, we request production of any recommendation, opinion, findings, or information made or obtained by federal prosecutors, government personnel, or law enforcement authorities investigating the case that the prosecution of Sangermano or of his codefendants, or any of the allegations against Sangermano or his codefendants, was disputed, questionable, or unwarranted.

We further request the disclosure of the names of any witness who made an arguably favorable or exculpatory statement concerning Sangermano, and the contents of such statements, whether or not reduced to writing. Accordingly, for each instance in which exculpatory information exists only in oral form, please provide the identity of the declarant, the witnesses to the exculpatory information, and the substance of the exculpatory information,

2. Impeachment Material.

We request the production of all impeachment material with respect to the government's prospective witnesses, including, but not limited to:

- the complete criminal history of every prospective government witness, including, without limitation, charges now pending in any jurisdiction, and any criminal acts which are under investigation and/or which did not result in charges;
- the substance of any and all agreements or promises, whether written or oral, express or implied, between the government and prospective witnesses;
- any threats, including but not limited to potential prosecution, made to prospective witnesses;

- any materials constituting, reflecting or referencing the statements, testimony or interviews of the government's prospective witnesses, including without limitation, any notes, transcripts, reports, summaries or attorney proffers made on behalf of such witnesses, or document provided by a prospective government witness:
    - in which the government believes that a prospective witness has made or adopted untruthful or deceptive statements to law enforcement authorities, a grand jury, in a court of law, or before any other governmental body;
    - in which the government has impeached the testimony of any prospective witness;
    - in connection with which the government has taken the position that a prospective witness was deceptive or untruthful;
    - in which the prospective witness has testified inconsistently to the anticipated testimony in the instant case;
- any materials constituting, reflecting or referencing the statements, testimony or interviews of the government's prospective witnesses, including without limitation, any notes, transcripts, reports, summaries or attorney proffers made on behalf of such witnesses, or document provided by a prospective government witness, that conflicts in whole or in part with:
    - the statement of another prospective witness;
    - a prior statement made by the same government witness with regard to the subject matter of the expected trial testimony or witness; or
    - any other document or witness;
- any information that any prospective government witness is biased or prejudiced against Sangermano, or has a motive to falsify or distort his or her testimony;
- any information, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired;

- any information that a prospective witness has used narcotics or other controlled substances, or has ever had an alcohol or other dependency;
- any information or records reflecting impairments of sight, hearing, memory, language, or any other physical or psychological disability of the prospective witness;
- any information or records that any prospective government witness may have suffered from any mental or emotional disease, disorder, or defect during the time period alleged in the indictment; and
- any information, derived from the government's examination of the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents, of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory.

3. Missing Email from Celona.

As we repeatedly have raised with you, including but not limited to at our meeting on April 3, 2006, and at the teleconference on April 13, the production to date has failed to include emails from the government's main witness, John Celona, to defendants for the following, critical periods:

- June 15 through September 9, 2001
- October through December 1, 2001
- May 2002, forward

As was explained in the course of our April 13, 2006 teleconference with the Court, these emails are critical to Mr. Sangermano's defense in view of the government's conspiracy charge. The presence or absence of such email from Celona during this period to Sangermano is self-evidently pertinent to the defense, and long over due for immediate production.

4. Illegible and/or Unintelligible Copies.

A number of matters are outstanding with respect to those documents which you have provided. For a start, a number of the documents you provided -- both in the original and in your recently received revised disks -- are so poorly imaged as to be completely illegible and/or unintelligible. The documents which we have identified to date which fall into this category are numbered as follows:

| | |
|---|---|
| GJ81 | SS-00624 |
| GJ93 | SS-00625 |
| GJ238 | SS-00661 |
| GJ245 | SS-00694 |
| SS-00027 | SS-00699 |
| SS-00186 | SS-00700 |
| SS-00185 | SS-00702 |
| SS-00208 | SS-00703 |
| SS-00210 | SS-00968 |
| SS-00251 | SS-00996 |
| SS-00283 | SS-00999 |
| SS-00284 | SS-01003 |
| SS-00339 | SS-01004 |
| SS-00340 | SS-01792 |
| SS-00343 | SS-01794 |
| SS-00347 | SS-01795 |
| SS-00434 | SS-02106 |
| SS-00435 | SS-02114 |
| SS-00446 | SS-02547 |
| SS-00460 | SS-02578 |
| SS-00472 | SS-02587 |
| SS-00516 | SS-02615 |
| SS-00517 | SS-03189 |
| SS-00518 | SS-03191 |
| SS-00538 | SS-03192 |
| SS-00551 | SS-03193 |
| SS-00552 | SS-03194 |
| SS-00564 | SS-03195 |
| SS-00619 | SS-03199 |
| SS-00620 | SS-03201 |
| SS-00621 | SS-03202 |
| SS-00622 | SS-03207 |
| SS-00623 | SS-03208 |

In each instance, these images are so degraded as to be completely and/or materially illegible or unintelligible, and accordingly fail to comport with the government's disclosure obligations.

5. <u>Newly produced documents</u>.

We note with some concern and confusion your representation that the new documents added to your revised disk number 15. According to our technology support

team, the revised disk in fact contains approximately an additional 400 images over that originally provided to us.

6. Missing privilege log.

Further, your letter of April 12 states that a relevant privilege log is enclosed. However, the copy of the disclosure sent to us contained no such log. Please provide us with a copy of the referenced log.

7. Missing Documents from prior production.

A substantial portion of the documents with the "VE" prefix were missing from the government's incomplete production. The documents which we did receive range from VE-000000018 through VE000000405, and the missing numbers (assuming the run extends no further) are:

VE-000000001 - VE-000000017
VE-000000031 - VE-000000032
VE-000000035
VE-000000037
VE-000000044
VE-000000059 - VE-000000166
VE-000000169 - VE-000000178
VE-000000182 - VE-000000183
VE-000000185 - VE-000000188
VE-000000194 - VE-000000196
VE-000000200 - VE-000000204
VE-000000208 - VE-000000211
VE-000000215 - VE-000000216
VE-000000223
VE-000000229 - VE-000000263
VE-000000265 - VE-000000273
VE-000000276 - VE-000000291
VE-000000295 - VE-000000296
VE-000000303 - VE-000000305
VE-000000311 - VE-000000325
VE-000000329 - VE-000000330
VE-000000333 - VE-000000366
VE-000000372 - VE-000000381
VE-000000388 - VE-000000392

* * * *

In responding to the foregoing requests, we respectfully note that the government's "control" with respect to requested information and things extends to responsive material in the possession or custody of others, but subject to the government's control upon demand, and may extend to other governmental entities involved in this or related proceedings, on both a federal and state level.

To the extent that the government fails to comply with any of the foregoing requests, please state for each such request: (a) whether responsive information exists; (b) whether responsive information is within the possession, custody, or control of the government; and, if so, (c) the basis or bases for the government's failure to disclose the requested information.

Review of the discovery received from the government to date (which, even allowing for the above referenced material omissions, is still voluminous) is ongoing, and precludes a determination that the foregoing reflects all that is owing from the government. Accordingly, subject to our continued review and the provision of additional discovery by the government, we reserve our right to submit additional and/or supplemental discovery requests.

Very truly yours,

James P. Redding

JPR:gls

cc: Counsel of Record

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

April 18, 2006

By Facsimile and First Class Mail

James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Re: United States v. Urciuoli, et al.
CR. No: 06-02T

Dear Attorney Redding:

I am responding to your letter dated April 14, 2006, which we received yesterday, April 17th. I will address each item as you have identified them it your letter.

1. Exculpatory and Impeachment Material

In your letter you make a number of general requests in regard to exculpatory material as well as some very specific requests. In regard to your specific requests, please be advised that you have been provided with all interview reports of John Celona. However, those reports are redacted. As we advised you at our meeting on April 3, 2006, we are willing to provide you with an unredacted copy of the Celona 302 provided that we mutually agree to the terms of a protective order. It is my understanding that a draft protective order has been forwarded to all counsel but that a consensus has not been reached. Once a protective order is in place, either by agreement of counsel or upon an application to the Court, we will produce the unredacted Celona 302.

In regard to the other witnesses you have identified in your letter, the basis for you conclusion that those witnesses have provided exculpatory information remains unclear. It was our understanding, after last week's teleconference with the Court and our April 3rd meeting, that you would not only identify the witnesses but provide a basis for your request. Once you do so, we will review the matter but, at this stage, it remains our position that none of the individuals whom you have identified have provided exculpatory information.

Your request for internal, deliberative process, information regarding charging decisions in this matter is not only beyond the realm of any Rule 16 obligation, but is also privileged and irrelevant. To the extent it exists, we will not be making any such information available.

In regard to your additional requests for exculpatory and impeachment information, please be advised that we are aware of our continuing obligations under Brady and Giglio. However, we do not believe that we have an obligation to go through each and every item identified in your letter and advise whether it exists or not. To the extent such information exists, and is required under Brady and Giglio, it has been provided with our initial discovery package, dated February 3, 2006. If you are specifically aware of any information that you believe has not been provided but is required, again, please advise and we will review the matter.

2. Missing E-Mails

In regard to your request for "missing e-mails," we continue to be somewhat confused by this request. As we have advised you on a number of occasions, we have provided you with the e-mails that have been obtained during the course of the investigation and, again, which must be turned over in accordance with Rule 16. In addition, as stated in our February 3, 2006 discovery letter and, again, orally to you on April 3rd, the materials obtained during this investigation are available to you for your review at a mutually convenient time. To date, you have not requested such a review.

Nonetheless, as we have also previously advised, we cannot confirm whether any of the e-mails identified in your letter ever existed. As we previously stated, we obtained certain e-mails as a result of the search of John Celona's residence and by way of Grand Jury subpoenas. We had no control over whether the e–mails you request, if they ever existed, were maintained and available at the time of the search and subsequent investigation. If you are aware of any such e-mails, please provide them, as they would fall within your reciprocal discovery obligations in this case. In addition, if you are aware that, perhaps, your client's company may have had such e-mails but did not produce them in response to Grand Jury subpoenas, then we request that they be produced immediately.

In the interim, we have produced what is required under Rule 16. The remainder of the materials remain available for you review.

3. Illegible Copies

You state that approximately 66 documents out of well over 6000 documents produced are illegible. Now that you have identified the documents, we will be more than happy to produce duplicate, paper copies of those documents. However, please be advised that may of the copies may be of poor quality, because the underlying original document, may, likewise have been of poor quality. Hence, if you prefer to review the original documents, we will make them available to you as well.

4. Newly Produced Documents

You state that there are more that 400 new pages contained in last week's discovery. We do not believe that to be the case. As I explained last week, the documents were re-produced in order to address some quality control issues. A very limited number of additional documents were included, which we previously identified.

5. Missing Privilege Log

You are correct that we inadvertently omitted the privilege log from our April 12th production. However, we supplemented our production by faxing the log on April 13th. If you still have not received it, please advise.

6. Missing Documents

You identify a number of Village of Elmhurst documents that have not been produced. You are correct about those documents. However, they fall within the wide range of documents that were obtained from many sources, including the Village at Elmhurst, but were not produced because they do not fit within the parameters of Rule 16. As with all other documents that have not been produced for the same reason, we will make them available for your review.

If you have any questions or would like to discuss these items further, please do not hesitate to contact me.

Sincerely,

ROBERT CLARK CORRENTE
United States Attorney

Luis Matos /dd

LUIS M. MATOS
Assistant U.S. Attorney

cc: Kevin Bristow, Esquire (via facsimile)
Michael J. Connolly, Esq. (via facsimile)
Richard Egbert, Esq. (via facsimile)