**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | **CRIMINAL NO. 06-02-01-T** |
| **ROBERT A. URCIUOLI,** <br> **FRANCES P. DRISCOLL,** <br> **PETER J. SANGERMANO, JR.** | ) | |

**DEFENDANT PETER J. SANGERMANO, JR.'S**
**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

Defendant Peter J. Sangermano, Jr. ("Sangermano") respectfully submits this Reply Memorandum ("Reply Mem.") in response to the government's memorandum in opposition to ("Gov.'s Opp'n"), and in further support of, his Motion to Compel Disclosure of Exculpatory Evidence (the "Motion").

The contention that the categories of material enumerated in great detail in the defense's Motion are discoverable Brady material remains unanswered by the government. The government's opposition sidesteps the issue. Does the government contend that the enumerated categories of material, in addition to deliberative process material, Gov.'s Opp'n at 4, are not discoverable as Brady material? If so, the government presents neither a clear statement, nor any argument or authorities in support, of such position.

If the government is saying it has reviewed the information in its possession, custody or control with these identified categories of material as reference points, and not found additional exculpatory material, then it should say so. If, on the other hand, the

government contends it does not interpret its Brady obligations to encompass some or all of the enumerated categories, then it should so inform this Court and the defense. Instead, the government does neither, clouding the real issue here: what items constitute exculpatory material to which the defense is entitled under Brady.

Consistent with Local Rule 12(c)(1), the Memorandum of Law in Support of the Motion specifies in extensive detail "exactly what the movant seeks." Id. See Mem. in Supp. of Mot. to Compel Disclosure of Exculpatory Evid. at 6-11. The government's assertion to the contrary is simply counterfactual, contending that the defense has submitted "a generic, boilerplate request for exculpatory evidence." Gov.'s Opp'n at 1. This, of course, in addition to being an inaccurate characterization, is at odds with the government's contention that there is a lack of specificity. The specific categories (which are essentially a more detailed restatement of the requests made in the defense's letter of April 14, 2006, Attachment 1-7 of Gov's Opp'n) are provided so that the government may clearly understand and respond to what exact categories and types of material, in our assessment, constitute exculpatory material to which the defense is entitled. Surely, the government cannot contend that it is the movant's obligation is to tell the government specifically what it wants in relation to specified individuals: we do not know what we do not know. To the limited extent that the material obtained in discovery and through our investigative efforts has enabled the defense to identify specific persons, we do so below.

It cannot be, however, as the government contends, that the defense must engage in a guessing game, in which it can only receive the discovery to which the defense is due by guessing the name "Rumplestilkin," or otherwise divining what exculpatory

information the government, through accident or design, has failed to disclose. Neither is the defense required, as the government contends, to prematurely disclose its theories of defense by providing a detailed explanation as to the basis for the exculpatory nature of the identified material. The government's position is refuted by its own, self-acknowledged, and, critically, self-executing, obligation to disclose exculpatory information: Indeed, "the government is required to provide exculpatory evidence to a defendant even though it was not requested." United States v. DeLuca, 945 F. Supp. 409, 413 (D.R.I. 1996) (emphasis added).

Based on what the defense does know, the government has in its possession, custody or control at least the following, specific undisclosed information, the disclosure of which should be compelled under Brady:

1. Reports, memoranda, or other documents which concern or reflect the questioning, interview or statements of former State Representative Mr. Vincent J. Mesolella.

2. Reports, memoranda, or other documents which concern or reflect the questioning, interview or statements of Mr. Oliver Harvey.

3. Reports, memoranda, or other documents which concern or reflect the questioning, interview or statements of Mr. Ray Mancini.

4. Email from Celona to the defendants. The government has produced only a small portion of these emails, with material gaps for critical periods, as follows: June 15 through September 9, 2001; October 1 through December 1, 2001; and May 1, 2002 forward. See defense's letter of April 14, 2006, Attachment 1-7 of Gov's Opp'n, at 4. While the government may not have physical possession of these materials, the majority,

if not all, of these emails are plainly within its control by reason of the fact that RWMC has been subpoenaed by the government, and has entered into a deferred prosecution agreement pursuant to which it is obligated to cooperate with the government. Celona's missing emails to persons at RWMC are critical to Sangermano's defense, and are exculpatory in their documentation of the fact that Celona's communications relative to the alleged offense conduct were with persons other than Sangermano.

The foregoing specific requests do not absolve the government of its obligation to undertake a meaningful review of the information in its possession, with reference to the specific categories of potential Brady material identified in the Motion and in the defense's letter of April 14, 2006, Attachment 1-7 of Gov's Opp'n, and to disclose any responsive, exculpatory material thereby identified including, without limitation, the following:

1. Reports, memoranda, or other documents which concern or reflect the questioning, interview or statements of Mr. Bob Budway.

2. Reports, memoranda, or other documents which concern or reflect the questioning, interview or statements of Mr. Lee Guadry.

3. Reports, memoranda, or other documents which concern or reflect the questioning, interview or statements of Mr. Tom Slowey.

4. Reports, memoranda, or other documents which concern or reflect the questioning, interview or statements of Mr. Dennis Moore.

5. Reports, memoranda, or other documents which concern or reflect the questioning, interview or statements of Ms. Lisa Hawthorn.

6. Reports, memoranda, or other documents which concern or reflect the

questioning, interview or statements of Ms. Linda Gershan.

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendant Peter J. Sangermano respectfully requests that this Court enter an order compelling the government to comply with its obligation to disclose exculpatory evidence, as set forth in the previously filed Memorandum of Law in Support of Motion to Compel Disclosure of Exculpatory Evidence.

Respectfully submitted,

PETER J. SANGERMANO, JR.,
By his attorneys,

James P. Redding
A. John Pappalardo
Evan Georgopoulos
Greenberg Traurig LLP
One International Place
Boston, MA 02110
(617) 310-6000
reddingj@gtlaw.com
pappalardoj@gtlaw.com
georgopoulose@gtlaw.com

Dated: June 20, 2006

## CERTIFICATION

I hereby certify that I caused a copy of the within Defendant Peter J. Sangermano, Jr.'s Reply Memorandum in Support of Motion to Compel Disclosure of Exculpatory Evidence to be mailed on June 20, 2006 to counsel of record, as stated below:

Robert Clark Corrente
United States Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Gerard B. Sullivan
Criminal Chief
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Luis M. Matos
Assistant U.S. Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dulce Donovan
Assistant U.S. Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

William P. Devereaux (Counsel for Roger Williams Medical Center)
Holland & Knight LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Thomas Frongillo (Counsel for Roger Williams Medical Center)
Weil Gotshal & Manges LLP
100 Federal Street
Floor 34
Boston, MA 02110

Kevin J. Bristow (Counsel for Frances P. Driscoll)
505 Turks Head Building
Providence, RI 02903

Robert G. Flanders, Jr. (Counsel for Robert A. Urciuoli)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Kristie M. Passalacqua (Counsel for Robert A. Urciuoli)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Michael J. Connolly (Counsel for Robert A. Urciuoli)
Hinckley, Allen & Snyder LLP
28 State Street
2nd Floor
Boston, MA 02109

Richard M. Egbert (Counsel for Robert A. Urciuoli)
99 Summer Street
Suite 1800
Boston, MA 02110

Evan Georgopoulos