**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **CRIMINAL NO. 06-02-01-T** |
| **ROBERT A. URCIUOLI,**<br>**FRANCES P. DRISCOLL,**<br>**PETER J. SANGERMANO, JR.** | ) | |

**REQUEST OF DEFENDANT PETER J. SANGERMANO, JR.**
**FOR JURY INSTRUCTIONS**

Pursuant to Federal Rule of Criminal Procedure 30 and the Court's Pretrial Order of August 4, 2006, Defendant Peter J. Sangermano, Jr. hereby respectfully submits the following requests for jury instructions in the above-entitled matter.

The Defendant reserves the right to supplement, modify, or withdraw one or more of these requests prior to the charge to the jury.

Respectfully Submitted,

PETER J. SANGERMANO, JR.

_____/s/_Evan Georgopoulos___________
James P. Redding (Bar No. 2976)
A. John Pappalardo
Evan Georgopoulos
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
Tel. (617) 310-6000

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2006 a copy of the foregoing Request of Defendant Peter J. Sangermano, Jr. for Jury Instructions was electronically filed and served by mail upon counsel unable to accept electronic filing. Notice of this filing shall be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_Evan Georgopoulos___________
Evan Georgopoulos

**TABLE OF CONTENTS**

PRELIMINARY INSTRUCTIONS

Request No. 1: Duties of the Jury……………………………………………...…………1

Request No. 2: Nature of Indictment; Presumption of Innocence……………………......2

Request No. 3: Preliminary Statement of Elements of Crimes Charged………….............3

Request No. 4: Evidence; Objections; Rulings; Bench Conferences……………….......5

Request No. 5: Credibility of Witnesses…………………………………………….……..7

POST TRIAL INSTRUCTIONS

Request No. 6: Accomplice Witness Called by the Government…………………………9

Request No. 7: Counts 2 through 38 Mail Fraud – Nature of the Offense Charged……...10

Request No. 8: Mail Fraud – Elements of the Offense……………………………......11

Request No. 9: Mail Fraud – Existence of a Scheme or Artifice to Defraud……………13

Request No. 10: Mail Fraud – Participation in the Scheme with Specific Intent…………16

Request No. 11: Mail Fraud – Honest Services Fraud……………………………………19
(Not Every Instance of Official Misconduct is Mail Fraud)

Request No. 12: Mail Fraud – Honest Services Fraud……………………………………20
(Lobbying is Protected by the First Amendment)

Request No. 13: Mail Fraud – Good Faith Defense………………………………………21

Request No. 14: Mail Fraud – Use of the Mails…………………………………………...24

Request No. 15: Aiding and Abetting – 18 United States Code § 2………………………26

Request No. 16: Count 1 – Conspiracy Statute……………………………………………28

Request No. 17: Conspiracy – Elements of the Offense…………………………...........29

Request No. 18: Conspiracy – Existence of Agreement………………………….........30

Request No. 19: Conspiracy – Single or Multiple Conspiracies…………………………..32

Request No. 20: Conspiracy – Membership in the Conspiracy……………………………35

Request No. 21: Conspiracy – Commission of Overt Act in Furtherance of the Conspiracy……………………………………………………………….38

Request No. 22: Acts and Declarations of Co-Conspirators………………………………42

Request No. 23: Separate Consideration of Each Defendant……………………….........44

**PRELIMINARY INSTRUCTIONS**

## PRELIMINARY REQUEST NO. 1

### Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not. The evidence will consist of the testimony of the witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

---

First Circuit Pattern Jury Instructions (Criminal) § 1.01 (1998).

**PRELIMINARY REQUEST NO. 2**

**Nature of Indictment; Presumption of Innocence**

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by assistant United States Attorneys Luis Matos and Dulce Donovan. Defendant, Robert Urciuoli is represented by his lawyers Richard Egbert and Michael Connelly. Defendant Frances Driscoll is represented by her lawyer Kevin Bristow. Defendant Peter Sangermano is represented by his lawyers, John Pappalardo and Evan Georgopoulos.

The defendants have been charged by the government with violations of federal law. They are charged with mail fraud. They are also charged with conspiracy to commit mail fraud. The charges against the defendants are contained in the indictment. The indictment is simply the description of the charge against the defendants; it is not evidence of anything. The defendants pleaded not guilty to the charge and deny committing the crime. All defendants are presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven their guilt beyond a reasonable doubt.

The defendants are being tried together because the government has charged that they acted together in committing the crime of mail fraud and conspiracy to commit mail fraud. But you will have to give separate consideration to the case against each defendant. It is not permissible to think of the defendants as a group.

---

First Circuit Pattern Jury Instructions (Criminal) § 1.02.

**PRELIMINARY REQUEST NO. 3**

**Preliminary Statement of Elements of Crime**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case:

The defendants are charged with **mail fraud**. For you to find a defendant guilty of mail fraud, you must be convinced that the government has proven as to that defendant each of the following elements beyond a reasonable doubt:

First, a scheme to defraud, substantially as charged in the indictment, to defraud or deprive the State of Rhode Island and its citizens of their intangible right to the honest services of Senator John Celona by materially false and fraudulent pretenses representations or promises;

Second, the defendant's knowing and willful participation in this scheme with both specific intent to defraud and specific intent to deceive;

Third, that in the execution of that scheme, the defendant used or caused the use of the mails, as specified in the indictment.

The defendants are also charged with **aiding and abetting the commission of the crime of mail fraud**. For you to find a defendant guilty of aiding and abetting the commission of the crime of mail fraud, you must be convinced that the government has proven as to each defendant each of the following elements beyond a reasonable doubt:

First, that someone else committed the charged crime (the principal) and;

Second, that the defendant willfully associated himself or herself in some way with the crime and willfully participated in it as he or she would in something he or she

wished to bring about. This means that the government must prove that the defendant consciously shared the principal's knowledge of the underlying criminal act and intended to help him or her.

The defendants are also charged with **conspiracy to commit mail fraud**. For you to find a defendant guilty of conspiracy to commit mail fraud, you must be convinced that the government has proven as to each defendant each of the following elements beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit the crime of mail fraud;

Second, that the defendant knowingly and willfully joined in that agreement; and

Third, one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment in an effort to further some objective of the conspiracy.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

---

First Circuit Pattern Jury Instructions (Criminal) §§1.04, 4.03 (conspiracy), 4.13 (mail fraud).

## PRELIMINARY REQUEST NO. 4

### Evidence; Objections; Rulings; Bench Conferences

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated - that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objections, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only such as for example, that the evidence may be received with respect to a particular defendant only and not to another defendant. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

---

First Circuit Pattern Jury Instructions (Criminal) §1.05).

**PRELIMINARY REQUEST NO. 5**

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know things the witness testifies to; (2) the quality of the witness's testimony; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

In addition, it is anticipated you will hear testimony from at least one witness who was actually involved in planning and carrying out the crimes charged in the indictment. The government will argue, as it is permitted to do, that it must take such a witness as it finds him. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

However, accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much, if any, of that testimony to believe.

You should ask yourselves whether this accomplice witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he

believed or hoped he would somehow receive favorable treatment by testifying falsely?

Or did he believe that his interests would best be served by testifying truthfully?

---

First Circuit Pattern Jury Instructions (Criminal) §1.06; Adapted from 2 Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction 7-5 (2004) (accomplice instsruction); United States v. Simonelli, 237 F.3d 19, 29 (1st Cir. 2001); United States v. Pelletier, 845 F.2d 1126, 1129 n.1. (1st Cir. 1988); United States v. Silvestri, 790 F.2d 186,191 (1st Cir. 1986).

**POST TRIAL INSTRUCTIONS**

**REQUEST NO. 6**

**Accomplice Witness Called by the Government**

You have heard from a witness who testified he was actually involved in planning and carrying out the crimes charged in the indictment. There has been a great deal said about this accomplice witness in the summations of counsel and whether or not you should believe him.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

However, accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much, if any, of that testimony to believe.

You should ask yourselves whether the accomplice witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would best be served by testifying truthfully?

---

Adapted from 2 Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction 7-5 (2004); United States v. Simonelli, 237 F.3d 19, 29 (1st Cir. 2001); United States v. Pelletier, 845 F.2d 1126, 1129 n.1. (1st Cir. 1988); United States v. Silvestri, 790 F.2d 186,191 (1st Cir. 1986).

**REQUEST NO. 7**

**Counts 2 through 38 -- Mail Fraud -- Nature of the Offense Charged**

Counts 2 through 38 of the indictment charge the defendants Mr. Urciuoli, Ms. Driscoll and Mr. Sangermano with committing mail fraud. These counts charge that from in or about August 1997 through in or about January 8, 2004, in the District of Rhode Island, the defendants knowingly and willfully devised a scheme or artifice to defraud or deprive the State of Rhode Island and its citizens of their right to the honest services of State Senator John Celona. The indictment alleges that, in furtherance of that scheme, the defendants knowingly caused the mails to be used. You must consider each count and the evidence pertaining to it and to each defendant separately.

Section 1341 of Title 18 of the United States Code provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises … for the purpose of executing such scheme or artifice or attempting to do so, places in any post office or authorized depository for mail matter, any matter to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, … or knowingly causes to be delivered by mail or such carrier according to the direction thereon, … any such matter or thing, shall be … [guilty of a crime].

Section 1346 of Title 18 of the United States Code defines a scheme or artifice to defraud as including "a scheme or artifice to deprive another of the intangible right of honest services."

---

Adapted from 2 L. Sand et al., Modern Federal Jury Instructions, Instruction 44-1.

## REQUEST NO. 8

## Mail Fraud -- Elements of the Offense

In order to sustain this charge against a defendant, the government must prove each of the following elements beyond a reasonable doubt as to that individual defendant:

First, that there was a scheme or artifice to defraud or deprive the State of Rhode Island and its citizens of their intangible right to the honest services of Senator John Celona by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud with both specific intent to defraud and with specific intent to deceive;

Third, that in execution of that scheme, the defendant used or caused the use of the mails, as specified in the indictment.

---

Adapted from 2 L. Sand et al., Modern Federal Jury Instructions, Instruction 44-3; First Circuit Pattern Jury Instructions (Criminal) § 4.13; United States v. McGauley, 279 F.3d 62, 67 (1st Cir. 2002); United States v. Sawyer, 85 F.3d 713, 729 and n. 12 (1st Cir. 1996) (it must be "shown that the intent behind the violations was the deprivation of honest services"; a separate instruction is required that "to prove the intent to commit honest services fraud, the jury had to find the defendant intended to influence or otherwise improperly affect the official's performance of duties"); United States v. Sawyer, 239 F.3d 31, 40-41 (1st Cir. 2001) ("the government must prove that the accused acted with two kinds of intent: that she intended to deprive the public of her honest services, and that she intended to deceive the public"); United States v. Woodward, 149 F.3d 46, 55 (1st Cir. 1998); McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786 791-92 (1st Cir.1990) (mail fraud requires both deceit and deprivation); United States v. D'Amato, 39 F.3d 1249, 1256-57 (2nd Cir. 1994) ("the deceit must be coupled with a contemplated harm to the victim"); United States v. Cassiere, 4 F.3d 1006, 1011 (1st Cir. 1993); Neder v. United States, 527 U.S. 1, 25 ("materiality of a falsehood is an element

of the mail fraud, wire fraud and bank fraud statutes"), aff'd after remand, 197 F.3d 1122 (11th Cir. 1999), 530 U.S. 1261 (2000); United States v. Blastos, 258 F.3d 25, 27-28 (1st Cir. 2001) (instructions on materiality of falsehood sufficient).

**REQUEST NO. 9**

**Mail Fraud -- Existence of a Scheme or Artifice to Defraud**

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud.

A "scheme or artifice" includes any plan for the accomplishment of an object. A scheme to defraud is any plan, device or course of action to deprive another of something of value by means of trick, deceit, deception or swindle. It includes a scheme to deprive another of the intangible right to honest services. Public officials have a fiduciary duty to ensure that the public receives their honest services, free of improper influence and corruption. In this case, the indictment charges the existence of a scheme to deprive the citizens of Rhode Island of the honest services of Senator Celona.

"Fraud" requires a misrepresentation or concealment of material fact.

A "scheme to defraud" is a plan to deprive another of honest services by trick, deceit, deception or swindle. The scheme to defraud is alleged to have been carried out by: (1) influencing and affecting Celona in his official actions as a State Senator to benefit the RWMC and its affiliates and; (2) deceiving the State of Rhode Island and its citizens concerning former Celona's relationship with the RWMC by disguising the nature of Celona's relationship with RWMC by having the Village at Elmhurst hire and pay Celona, failing to disclose Celona's conflict of interest, including to the Ethics Commission, providing false and misleading information to the Ethics Commission, and seeking an advisory opinion from the Ethics Commission based on false, misleading and incomplete information.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A statement or representation is fraudulent only if it was falsely made with the intention to deceive. In addition, the government must prove beyond a reasonable doubt that it was a material misrepresentation or concealment. A false statement is material if it has a natural tendency to influence, or is capable of influencing the decision of the decisionmaking body to which it was addressed.

This means that if you find a particular statement or representation to have been false, you must determine whether that statement or representation was one which had a natural tendency to influence, or is capable of influencing the decision of the decisionmaking body to which it was addressed. This same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving that a false statement or representation was material, in order to establish a scheme to defraud, the government must prove beyond a reasonable doubt that the purpose of the alleged scheme was to deprive the State of Rhode Island and its citizens of their right to honest services of Senator Celona.

---

Adapted from 2 L. Sand, Modern Federal Jury Instructions, Instruction 44-4; First Circuit Pattern Jury Instructions (Criminal) § 4.12; McNally v. United States, 483 U.S. 350, 358-359 and n.8 (1987) ("[t]he words 'to defraud' commonly refer 'to wrongdoing one in his property rights by dishonest methods or schemes,' and 'usually signify the deprivation of something of value by trick, deceit, chicane or overreaching.'"); United States v. McGauley, 279 F.3d 62, 67-68 (1st Cir. 2002); Neder v. United States, 527 U.S. 1, 16, 22, 25 (1999) ("materiality of a falsehood is an element of the mail fraud, wire fraud and bank fraud statutes") aff'd after remand, 197 F.3d 1122 (11th Cir. 1999), 530 U.S. 1261 (2000); United States v. Blastos, 258 F.3d 25, 27-28 (1st Cir. 2001) (instructions on materiality of falsehood sufficient); United States v. Sawyer, 85 F.3d 713, 729 and n. 12 (1st Cir. 1996) ("it must … be charged and shown that the intent

behind the violations was the deprivation of honest services" … case required separate instruction that defendant "intended to influence or otherwise improperly affect the official's performance of duties"; "this intent is not equivalent to, or subsumed within, the intent to deceive the public"; "the alleged scheme must involve deception in the deprivation of the right to honest services"); McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786 791-92 (1st Cir. 1990) (mail fraud requires both intent to deceive and to deprive); United States v. Woodward, 149 F.3d 46, 55 (1st Cir. 1998); United States v. Sawyer, 239 F.3d 31, 40-41 (1st Cir. 2001) ("the government must prove that the accused acted with two kinds of intent: that she intended to deprive the public of her honest services, and that she intended to deceive the public"); see also United States v. D'Amato, 39 F.3d 1249, 1256-57 (2nd Cir. 1994) (in § 1341 prosecution, "the government must show that some actual harm or injury was contemplated by the schemer" … "the deceit must be coupled with a contemplated harm to the victim");

**REQUEST NO. 10**

**Mail Fraud -- Participation in the Scheme with Specific Intent**

The second element of the offense of mail fraud that the government must prove beyond a reasonable doubt as to each defendant is that the defendant participated in the scheme to defraud knowingly, willfully and with both specific intent to defraud and specific intent to deceive. The question of whether a defendant did so is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind.

"Knowingly" means to act voluntarily and deliberately, not because of ignorance, mistake or accident;

"Willfully" means to act knowingly and purposely and with the specific intent to do something the law forbids, or with specific intent to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

Where, as here, a non-public official is prosecuted for scheming to defraud the public of an official's honest services, then the government must prove that the target of the scheme is the deprivation of the official's honest services.

If the scheme does not, as its necessary outcome, deprive the public of honest services, then independent evidence of the intent to deprive another of those services must be presented.

"Intent to defraud" means to act knowingly and with the specific intent to defraud and with specific intent to deceive. More specifically, to establish the scheme to defraud the government must prove, that each defendant has (1) the intent to deprive the citizens

of Rhode Island of the intangible right to honest services of Senator Celona and; (2) the intent to deceive the public.

For the government to establish the requisite intent to deprive the public of a legislator's honest services, the first of these two intent requirements, the defendant must have intended to influence that legislator in his official action." To establish mail fraud in cases involving honest services fraud the alleged scheme must involve deception in the deprivation of the right to honest services. The intent to deprive does not necessarily include the deceit factor necessary for mail fraud.

For the government to establish the requisite intent to deceive the public, the second of these two intent requirements, the government must prove this either through the defendants' own acts of deception toward the public with respect to the gift/gratuity statute violations, or through the defendant's efforts to ensure that the legislators deceived the public.

The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of defendant's knowledge or intent.

Remember, though, that guilty knowledge cannot be established by demonstrating that the defendant was merely negligent or mistaken or foolish.

Adapted from 2 L. Sand, Modern Federal Jury Instructions, Instruction 44-5; First Circuit Pattern Jury Instructions (Criminal) § 4.13; McNally v. United States, 483 U.S. 350 (1987); United States v. McGauley, 279 F.3d 62, 67 (1st Cir. 2002); United States Sawyer, 85 F.3d at 57, 725, 729, 732-33 (1st Cir. 1996); United States v. D'Amato, 39 F.3d 1249, 1256-57 (2d Cir. 1994) ("Where the scheme to defraud does not cause injury to the alleged victim as its necessary result, the government must produce evidence independent of the alleged scheme to show the defendant's fraudulent intent."); United States v. Woodward, 149 F.3d 46, 55 (1st Cir. 1998); United States v. Sawyer, 239 F.3d 31, 48-49 (1st Cir. 2001).

## REQUEST NO. 11

### Mail Fraud – Honest Services Fraud

### (Not Every Instance of Official Misconduct is Mail Fraud)

I instruct you that the mail fraud statute does not encompass every instance of official misconduct that results in the official's personal gain. Although a public official might even engage in even reprehensible misconduct related to an official position, that official may not be found guilty of mail fraud unless, as I have previously instructed, the government proves beyond a reasonable doubt that the defendant intended to deprive the public of its right to honest services and that the defendant intended to deceive the public, not merely that the defendant intended to violate state law or engage in official misconduct.

---

United States v. Sawyer, 85 F.3d 713, 724-25, 728-30 (1st Cir. 1996); United States v. Woodward, 149 F.3d 46, 55 (1st Cir. 1998).

**REQUEST NO. 12**

**Mail Fraud – Honest Services Fraud**

**(Lobbying is Protected By the First Amendment)**

I instruct you that the desire to gain access, by itself, does not amount to an intent to influence improperly the legislator's exercise of official duties. Because endeavors such as persuading and influencing legislators to benefit certain interests are protected by the First Amendment of the United States Constitution, you may not rely upon the lobbying position alone to establish a corrupt intent to influence.

---

United States v. Sawyer, 85 F.3d 713, 725, 731, n. 15 (1st Cir. 1996) citing United States v. Harriss, 347 U.S. 612, 625 (1954).

**REQUEST NO. 13**

**Mail Fraud -- Good Faith Defense**

The good faith of a defendant is a complete defense to the charge of mail fraud because good faith is inconsistent with the specific intent to defraud and deceive both of which are required elements of the crime of mail fraud. Thus if a defendant acted in good faith, he cannot be guilty of the crime.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything. It is the government's burden to prove, beyond a reasonable doubt, that each defendant acted without good faith. The government must prove beyond a reasonable doubt, the specific intent to defraud and specific intent to deceive as I have described previously, and the lack of good faith.

Under the mail fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements turn out to be. In this respect, you must find that any alleged misrepresentation or omission was material. As I explained earlier, this means a false statement is material if it has a natural tendency to influence, or is capable of influencing the decision of the decisionmaking body to which it was addressed.

Finally, you may determine whether there was good faith reliance upon the advice of counsel. Good faith reliance on advice of counsel requires not only full and complete

disclosure of the facts then known but also of material facts or information later acquired.

It also requires that the defendant followed the attorney's instructions.

---

Good Faith Defense

2 L. Sand, Modern Federal Jury Instructions, Instruction 44-5, First Circuit Pattern Jury Instructions (Criminal) § 4.12 and Comment ("Although good faith is included in this charge, '[a] separate instruction on good faith is not required in this circuit where the court adequately instructs on intent to defraud.' United States v. Camuti, 78 F.3d 738, 744 (1st Cir. 1996); United States v. Dockray, 943 F.2d 152, 155 (1st Cir. 1991); see United States v. Arcidipane, 41 F.3d 1, 8 (1st Cir. 1994) (reaffirming Dockray but noting district court instructions "explicitly mentioned good faith and appellants' reliance on counsel in the course of submitting forms"); United States v. Goodspeed, 977 F.2d 566, 594 (1st Cir. 1992) (Unpublished) (reaffirming Dockray and but noting that district court instructed jury that defendant could not be convicted of embezzlement if he had acted "mistakenly … with a good faith belief" that he had the right to use the plan assets). Cf. United States v. Overholt, 307 F.3d 1231, 1246-47 (10th Cir. 2002) ("A defendant is entitled to a good faith instruction when he has interposed the defense of good faith, has requested the instruction and when there is sufficient evidence to support it, even if an instruction on willfulness has been given"); United States v. Casperson, 773 F.2d 216, 223-24 (8th Cir. 1985) (in mail fraud/specific intent crime, defendants are entitled to a separate instruction on good faith where one has been requested and evidence exists to support theory); United States v. Sirang, 70 F.3d 588, 593-95 (11th Cir. 1995) (refusal to give good faith instruction reviewed for abuse of discretion).

Good faith reliance on advice of counsel

United States v. Christopher, 142 F.3d 46, 55 (1st Cir. 1998) (separate instruction on good faith generally or on good faith advice of counsel not required where court adequately instructs on intent to defraud) citing United States v. Camuti, 78 F.3d 738, 744 (1st Cir. 1996). Cf. United States v. Johnson, 139 F.3d 1359, 1366 (11th Cir. 1998) (jury instruction on good faith reliance on counsel warranted and adequate); United States v. Blosser, 440 F.2d 697, 700 (10th Cir. 1971) (same); Sparrow v. United States, 402 F.2d 826, 829 (10th Cir. 1968) (same); United States v. McClatchey, 217 F.3d 823, 832 (10th Cir. 2000) (advice of counsel instruction requires instruction that the defendant made full and accurate report to his attorney of all material facts which he knew and acted strictly in accordance with the material advice of his attorneys who had been given full report).

Material False Representations or Statements

2 L. Sand, Modern Federal Jury Instructions, Instruction No. 44-5; Neder v. United States, 527 U.S. 1, 25 ("materiality of a falsehood is an element of the mail fraud, wire fraud and bank fraud statutes"), aff'd after remand, 197 F.3d 1122 (11th Cir. 1999), 530

U.S. 1261 (2000); United States v. Blastos, 258 F.3d 25, 27-28 (1st Cir. 2001) (instructions on materiality of falsehood sufficient); United States v. Sawyer, 239 F.3d 31, 40 (1st Cir. 2001) ('the obligation to disclose material information inheres in the legislator's general fiduciary duty to the public'); United States v. Woodward, 149 F.3d 46, 62 (1st Cir. 1998) (same); United States v. Sawyer, 85 F.3d 713, 733 n.17 (1st Cir. 1996) (same).

**REQUEST NO. 14**

**Mail Fraud -- Use of the Mails**

The third and final element that the government must establish beyond a reasonable doubt is the defendant's specific intent to use the mails in furtherance of the scheme to defraud. The use of the mails includes material sent through either the United States Postal Service or a private or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money. However, what must be proved beyond a reasonable doubt is that the use of the mails was on or about the date alleged in the indictment and was in connection with the fraud in that the use of the mails was incident to an essential part of the scheme, or a step in the plot.

The government must prove not only that the alleged mailing actually occurred, but also that the defendant specifically intended that such a mailing occur. In meeting this burden, it is not necessary for a defendant to be directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable in the execution of the alleged scheme to defraud in which that defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that a defendant caused the mailing by others. This does not mean that the defendant must specifically have authorized others to do the mailing. When one does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen, even though not actually intended, then he causes the mails to be used.

With respect to the use of the mails, the government must establish beyond a

reasonable doubt the particular mailing charged in the indictment. However, the government does not have to prove that the mailings were used on the exact dates charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on dates substantially similar to the dates charged in the indictment.

---

Adapted from 2 L. Sand, Modern Federal Jury Instructions, Instruction 44-6; Adapted from First Circuit Pattern Jury Instructions Criminal § 4.13; Schmuck v. United States, 489 U.S. 705, 710-12 (1989) ("It is sufficient for the mailing to be 'incident' to an essential part of the scheme" … or a step in [the] plot."); United States v. McGauley, 279 F.3d 62, 67-68 (1st Cir. 2002); United States v. Woodward, 149 F.3d 46, 64-65 (1st Cir. 1998); United States v. Morrow, 39 F.3d 1228,1236-37 (1st Cir. 1994) (discussing Schmuck); United States v. Dray, 901 F.2d 1132, 1140 and n.6 (1st Cir. 1990)

## REQUEST NO. 15

## Aiding and Abetting – 18 United States Code § 2

The indictment charges defendants Mr. Urciuoli, Ms. Driscoll and Mr. Sangermano with not only having committed the crime of mail fraud in Counts 2 through 38, but also in those same Counts, of aiding and abetting in the commission of those offenses.

The law recognizes that ordinarily anything that a person can do for himself may also be accomplished through the direction of another person as his agent, or by acting in concert with another person, or at that other person's direction.

To "aid and abet" means intentionally to help someone else commit a crime. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. You may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proved that:

1. Another person (the principal) actually committed the crime charged; and

2. The defendant willfully -- that means intentionally -- not inadvertently, not negligently, not unthinkingly, but intentionally -- associated himself in some way with the crime and that he willfully participated in it as he would in something he wanted to bring about. This means that the government must prove that the defendant consciously shared the principal's knowledge of the underlying criminal act and intended to help the principal, and sought by some action of his own to make the criminal venture succeed. Participation is "willful" if it is done voluntarily and intentionally, with bad purpose, either to disobey or disregard the law.

In order to be found guilty of as an aider and abettor, the defendant need not have performed the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. Participation in every stage of an illegal venture is not required, but proof beyond a reasonable doubt of participation at some stage accompanied by knowledge and intent that the result would be the violation of the federal criminal law.

However, mere presence of a defendant where a crime is being committed and knowledge that a crime is being committed are not sufficient conduct for you to find that defendant guilty of aiding and abetting. Further, the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, or a general suspicion that a criminal act may occur, is not sufficient to establish aiding and abetting.

---

The Statute

18 United States Code § 2 provides:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Adapted from L. Sand, Modern Federal Jury Instructions (Criminal), Instructions 11-1, 11-2 and 11-3; First Circuit Pattern Jury Instructions § 4.02; K. O'Malley, et al., 1A Federal Jury Practice and Instructions, § 18.01 (5th ed. 2000); Nye & Nissen v. United States, 336 U.S. 613 (1949); United States v. Henderson, 320 F.3d 92, 109 (1st Cir. 2003) (aiding and abetting instructions upheld: "defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying crime and intended to help him.); United States v. Benjamin, 252 F.3d 1, 11 (1st Cir. 2001) (no requirement defendant personally committed an act in order to be held responsible for aiding and abetting); United States v. Spinney, 65 F.3d 231, 235 (1st Cir. 1995); United States v. Dodd, 43 F.3d 759, 762-63 & n.5 (1st Cir. 1995); United States v. Loder, 23 F.3d 586, 590-92 (1st Cir. 1994); United States v. O'Campo, 973 F.2d 1015, 1021 (1st Cir. 1992); United States v. Footman, 215 F.3d 145, 153-54 & n.9 (1st Cir. 2000).

**REQUEST NO. 16**

**Count One -- the Conspiracy Statute**

Count 1 of the indictment charges that from in or about August 1997 until on or about January 8, 2004, Mr. Urciuoili, Ms. Driscoll and Mr. Sangermano in the District of Rhode Island, knowingly and intentionally conspired to commit mail fraud. Count 1 differs from Counts 2 through 38 in that Counts 2 through 38 allege that the defendants committed the substantive crimes of mail fraud I have already explained to you, while Count 1 alleges that the defendants conspired or agreed with each other and with Senator Celona to commit those same crimes.

The relevant statue on this subject is 18 U.S.C. § 371. It provides:

> If two or more persons conspire…to commit any offense against the United States … , and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States].

18 U.S.C. § 371.

---

Adapted from 1 L. Sand, Modern Federal Jury Instructions, Instruction 19-1; First Circuit Pattern Jury Instructions (Criminal), § 4.03 (1998).

## **REQUEST NO. 17**

## **Conspiracy – Elements of the Offense**

In order to satisfy its burden of proof, the government must establish each of the following three essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the indictment, that from in or about August 1997 until on or about January 8, 2004;

Second, that the defendant knowingly and willfully joined in that agreement; and

Third, one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment in an effort to further some objective of the conspiracy.

---

Adapted from First Circuit Pattern Jury Instructions (Criminal) § 4.03 (1998); 1 L. Sand, Modern Federal Jury Instructions, Instruction 19-3 (1998); United States v. Dubon-Otero, 292 F.3d 1, 16 (1st Cir. 2002); United States v. Gomez, 255 F.3d 31, 39 (1st Cir. 2001).

## REQUEST NO. 18

## Conspiracy -- Existence of Agreement

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment, that is, the unlawful agreement to commit the federal crime of mail fraud.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or in writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. Indeed, it is sufficient for the government to show that the conspirators tacitly came to a mutual, general understanding to accomplish an unlawful act by means of a joint plan or common design.

On the other hand, mere similarity of conduct among various people or the fact that they may have associated with each other or discussed common aims or interests does not necessarily establish proof of the existence of a conspiracy or the defendants' membership in that conspiracy.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of a defendant, and at least one other, to act together for the accomplishment of an unlawful purpose.

---

Adapted from 1 L. Sand, Modern Federal Jury Instructions, Instructions 19-4, 19-6; First Circuit Pattern Jury Instructions § 4.03; United States v. Dubon-Otero, 292 F.3d 1, 16 (1st Cir. 2002).

**REQUEST NO. 19**

**Conspiracy -- Single or Multiple Conspiracies**

In this case, the defendants contend that the government's proof fails to show the existence of only one overall conspiracy charged in the indictment. Rather, to the extent that any conspiracy exists, the defendants claim that there were actually several separate and independent conspiracies.

You must find, in order to be satisfied that the government has proven its case beyond a reasonable doubt, that one overall conspiracy that is actually charged in the indictment is the one that Mr. Sangermano, for example, participated in. You must make this determination with respect to Mr. Urciuoili, and Ms. Driscoll as well.

Whether there existed the single unlawful agreement charged in the indictment, or, instead many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the indictment, unless one of the conspiracies proved happens to be the single conspiracy described in the indictment.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose(s)

charged in the indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.

In determining whether Mr. Sangermano, for example, was in a single conspiracy charged in the indictment or was he involved in separate and independent unlawful agreement. In making this determination, you should consider a number of different factors. For example, the times when the relevant activities transpired, the locations at which the activities occurred, the identities of the persons involved; the means to achieve those ends; similarities or differences in the relevant activities. Simply because there was overlap amongst participants and the object was the same does not mean you must find a single conspiracy. In fact you may find separate conspiracies despite proximity in time, partial overlap in locale, similarity in nature of unlawful conduct and identity of objectives. You must consider the totality of the evidence and the permissible inferences therefrom.

If you find that the conspiracy charged in the indictment did not exist, you cannot find any defendant guilty of the single conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that a particular defendant was a member of another conspiracy, and not the one charged in the indictment, then you must acquit the defendant of the conspiracy charge. In determining whether any defendant was a

member of the conspiracy, each is entitled to individual consideration of the proof respecting him.

---

Adapted from 1 L. Sand, Modern Federal Jury Instructions, Instruction 19-5 and Comment; Kotteakos v. United States, 328 U.S. 750, 774 (1946); United States v. David, 940 F.2d 722, 734-35 (1st Cir. 1991) (setting forth factors to be considered and citing United States v. Hart, 933 F.2d 80, 86 (1st Cir. 1991) for proposition that separate conspiracies may be found "despite proximity in time, partial overlap in locale, similarity in nature of unlawful conduct, and identity of objectives"); United States v. Martinez-Medina, 279 F.3d 105, 113-14 (1st Cir. 2002); United States v. Vega-Figueroa, 234 F.3d 744, 752-53 (1st Cir. 2000); United States v. Glenn, 828 F.2d 855, 858 (1st Cir. 1987); United States v. Ziskind, Cr. No. 02-10016-DPW at 32-34; United States v. Kendall, 665 F.2d 126, 136 (7th Cir. 1981) ("Multiple conspiracies are more likely to be mistaken for a single conspiracy when one or two 'core' defendants agree with other 'non core defendants to accomplish a series of similar transactions) cited in 1 L. Sand, Modern Federal Jury Instructions, Comment at 19-28.

**REQUEST NO. 20**

**Conspiracy -- Membership in the Conspiracy**

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether a specific defendant was, in fact, a member of the conspiracy, you should consider whether that defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement.

Proof that a defendant willfully joined in the agreement must be must be based on evidence of his own words or actions. You need not find that a defendant agreed

specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he or she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if a defendant was not part of the agreement at the very start, he or she can be found guilty of conspiracy if the government proves that he or she willfully joined the agreement later. On the other hand, a person who has no knowledge of the conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

I want to caution you, however, that mere association with one or more members of the conspiracy does not automatically make the defendants members. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with the knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of

furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

---

Adapted from 1 L. Sand, Modern Federal Jury Instructions, Instruction 19-6; Adapted from First Circuit Pattern Jury Instructions (Criminal) § 4.03; United States v. Dubon-Otero, 292 F.3d 1, 16 (1st Cir. 2002).

**REQUEST NO. 21**

**Conspiracy -- Commission of Overt Act in Furtherance of the Conspiracy**

The third element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged, in an effort to further the purpose of the conspiracy.

The indictment charges that thirteen overt acts were committed in the District of Rhode Island and these are set forth specifically in Count 1 of the indictment, paragraphs 21 through 94. In summary, those overt acts are as follows:

The first overt act alleged involves, from on or about October 15, 1997 to on or about July 22, 1998, the participation of the defendants in the drafting and executing of the Consulting Agreement between Senator Celona and the Village at Elmhurst;

The second overt act alleged involves, from in or about February 27, 1998 through on or about January 8, 2004, the participation of the defendants in the payments by the Village at Elmhurst to Celona totaling $260,638.63.

The third overt act alleged involves, from in or about February 1998 to March 16, 1998, the participation of the defendants in directing Celona to defeat the enactment of Senate Bill 98-H 8229, an Act Relating to Residential Care and Assisted Living Facilities which would have prohibited health facilities such as the Village at Elmhurst from being allowed to offer Alzheimer's care to patients unless it were licensed as a nursing home or hospital.

The fourth overt act alleged involves, from in or about the fall of 1997 to on or about April 6, 1998, the participation of defendants Mr. Urciuoli and Ms. Driscoll in

drafting a letter to the Rhode Island Ethics Commission requesting an advisory opinion regarding the extent to which Senator Celona, as State Senator employed by the Village could continue to propose, debate and vote on healthcare issues before the General Assembly.

The fifth overt act alleged involves, from on or about December 7, 1998 to on or about February 14, 2000, the participation of defendants Mr. Urciuoli and Ms. Driscoll in directing Senator Celona's position on RWMC's merger prospects and on the proposed merger between Lifespan and Care New England.

The sixth overt act alleged involves, from on or about March 23, 1999 to on or about February 14, 2001, the participation of defendants Mr. Sangermano and Ms. Driscoll in Senator Celona's support of House Bill 99-H 6122, amending the extension the moratorium on licensing new nursing home beds, legislation allegedly beneficial to the Village at Elmhurst.

The seventh overt act alleged involves, from January 20, 1999 to on or about February 29, 2000, the participation of defendants Mr. Urciuoli and Ms. Driscoll in Senator Celona's efforts to defeat House Bill 99-H 5220 proposing to establish a Cancer Counsel to promote the development an coordination of effective and efficient statewide policies for the treatment of cancer.

The eighth overt act alleged involves, from on or about January 13, 1999 to on or about March 9, 1999, the participation of defendants Mr. Urciuoli and Ms. Driscoll in Senator Celona's opposition to House Bill 99-H 5086 which would have required tax exempt institutions in the City of Providence to make up for any potential financial shortfall in the payment in lieu of taxes program.

The ninth overt act alleged involves, from February 2, 1999 to on or about February 24, 1999, the participation of defendants Mr. Urciuoli and Ms. Driscoll in Senator Celona's opposition to House Bill 99-H 5917 which would have required the Department of Health and the Roger Williams Cancer Center to facilitate and assist registration of bone marrow donors.

The tenth overt act alleged involves, from on or about February 4, 2000 to June 26, 2001, the participation of defendants Mr. Urciuoli and Ms. Driscoll in Senator Celona's efforts to develop a legislative strategy with respect to health care bills.

The eleventh overt act alleged involves, from on or about March 7, 2000 to on or about June 24, 2003, the participation of defendants Mr. Urciuoli and Ms. Driscoll in Senator Celona's support of RWMC with respect to reimbursement and timeliness of reimbursement before Blue Cross Blue Shield.

The twelfth overt act alleged involves, from on or about a date prior to August 29, 2003 to on or about October 28, 2003, the participation of Mr. Urciuoli in Senator Celona's support of RWMC before United Healthcare New England.

The thirteenth overt act alleged involves, from on or about October 16, 2000 to January 16, 2002, the participation of Mr. Urciuoli and Mr. Sangermano in the revisions to the consulting agreement.

In order for the government to satisfy this element, that is, that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, it is not required that all of the overt acts alleged in the indictment be proven.

Similarly, you need not find that a defendant in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated.

You must also find that either the agreement was formed or that at least one of the overt acts was committed in the District of Rhode Island.

Finally, the government must prove beyond a reasonable doubt that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the knowing and willful commission underlying crime and the commission of one overt act.

---

Adapted from 1 L. Sand, Modern Federal Jury Instructions, Instructions 19-7, 19-8; First Circuit Pattern Jury Instructions (Criminal) § 4.03; United States v. Dubon-Otero, 292 F.3d 1, 16 (1st Cir. 2002).

**REQUEST NO. 22**

**Conspiracy -- Acts and Declarations of Co-Conspirators**

You will recall that I have admitted into evidence against defendants the acts and statements of others because these acts and statements were committed by a persons who, the government charges, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against that defendant. This is so even if such acts were done and statements were made in the defendant’s absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant’s guilt, you must first determine that the acts and

statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

---

Adapted from 1 L. Sand, Modern Federal Jury Instructions, Instruction 19-9; see also Bourjaily V. United States, 483 U.S. 171 (1987); Anderson v. United States, 417 U.S. 211 (1973); Delli Paoli v. United States, 352 U.S. 232 (1957); Lutwak v. United States, 344 U.S. 604 (1953), reh'g denied, Lutwak v. United States, 345 U.S. 919 (1953); United States v. Campbell, 268 F.3d 1, 4-6 (1st Cir. 2002); United States v. Petrozziello, 548 F.2d 20 (1st Cir. 1977); United States v. Falange, 426 F.2d 930 (2d Cir. 1970).

**REQUEST NO. 23**

**Separate Consideration of Each Defendant**

The defendants are being tried together because the government has charged that they acted together in committing the crime of mail fraud and conspiracy to commit mail fraud. You must however, give separate consideration to the case of each individual defendant. You may not think of the defendants as a group in assessing any charge in the indictment.

Each individual defendant is entitled to have his case determined from evidence as to his own acts, statements and conduct and any other evidence in the case which may be applicable to him. Consequently you must analyze what the evidence in the case is with respect to each individual defendant leaving out entirely any evidence admitted solely against some other defendant.

The fact that you return a verdict of guilty or not guilty to one defendant should not, in any way, affect your verdict regarding any other defendant.

---

United States v. Glenn, 828 F.2d 855 (1st Cir. 1987); First Circuit Pattern Jury Instructions (Criminal) § 1.02 (modified) ; 2 O'Malley, et al., Federal Jury Practice and Instructions: Criminal, §§ 12.13, 12.14 (5th ed. 2000)

bos-fs1\198971v02\92340.010100