**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **CRIMINAL NO. 06-02-01-T** |
| **ROBERT A. URCIUOLI,**<br>**FRANCES P. DRISCOLL, and**<br>**PETER J. SANGERMANO, JR.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF EMERGENCY MOTION FOR *VOIR DIRE* ON EXPOSURE TO AND IMPACT OF PUBLIC STATEMENTS MADE BY THE UNITED STATES ATTORNEY, AND OTHER RELIEF**

Defendants Robert A. Urciuoli, Frances P. Driscoll and Peter J. Sangermano, Jr. (collectively, the "Defendants") respectfully submit this memorandum of law in support of their Motion for Reconsideration of Emergency Motion for Voir Dire on Exposure to and Impact of Public Statements Made by the United States Attorney, and Other Relief, requesting that the Court conduct forthwith individual, sequestered *voir dire* of the seated and alternate jurors with respect to their exposure to or knowledge of, and the prejudicial effect thereof, public statements made by the United States Attorney for the District of Rhode Island, Robert Clark Corrente (the "U.S. Attorney"), and to grant such other and further relief as may be appropriate. In support of this Motion, the Defendants state the following:[1]

1. On September 10, 2006, Defendants filed an Emergency Motion for *Voir Dire* on Exposure to and Impact of Public Statements Made by the United States Attorney, and Other Relief ("Defendants' Emergency Motion"), and a supporting Memorandum of Law in support thereof.

[1] Defendants note that as they do not have access to a transcript of any kind of this hearing, they are limited to summarizing events that occurred therein on the basis of memory and available notes.

2. The predicate for Defendants' Emergency Motion was media coverage in, among other sources, The Providence Journal (both paper and on-line versions) and The International Herald Tribune on September 8 and 9, 2006, of certain comments of the U.S. Attorney originally disseminated in a press release issued on September 8, 2006 by the Office of the United States Attorney for the District of Rhode Island titled "Statement of U.S. Attorney Robert Clark Corrente on the Affirmance of the conviction in U.S. v. Potter et. [sic] al."

3. On September 11, 2006, this Court heard oral argument on Defendants' Emergency Motion from both A. John Pappalardo, Esq., counsel for Peter J. Sangermano, Jr. on behalf of the Defendants, and Assistant United States Attorney Dulce Donovan on behalf of the government.

4. Following oral argument, this Court called for a recess without making an express ruling on Defendants' Emergency Motion, having indicated an intention to question the jury collectively to determine if any jurors had read the articles in question.

5. Counsel for the Defendants stated their view that the Court's proposed course of action was legally insufficient under the controlling law of the First Circuit, United States v. Coast of Maine Lobster Co., 538 F.2d 889 (1st Cir. 1976), and that individual *voir dire* of the jurors was necessary.

6. Following an approximately twenty minute recess, the Court asked for the entire jury to be seated. At the outset, the Court appropriately stated to the jurors that its earlier instruction to refrain from exposure to media accounts relative to this case would not in any way have been violated by their exposure to media relative to this unrelated case, in which the U.S. Attorney's comments had been made.

7. Defendants respectfully submit, however, that this Court erred in limiting its inquiry to the collective questioning of the jury as to whether they had read (not heard of or otherwise been exposed to) the comments of the U.S. Attorney. Having received no response from the jurors, the Court, despite the Defendants' objections and citations to the Coast of Maine Lobster decision, made no further inquiry.

8. In support of its decision, the Court distinguished the case at bar from Coast of Maine Lobster, on the basis that the generalized nature of the comments there[2] were critical in warranting individual *voir dire* of the jurors, and that the comments that were the subject of the Defendants' Emergency Motion, in contrast, related to a specific decision in a specific case.

9. Defendants respectfully submit that this analysis is not correct, for several reasons. First, the statements of the U.S. Attorney are relevant not only to the United States v. Potter defendants, but to all public corruption/influence peddling defendants. It is a prospective message of deterrence, and statement of priority: "we will make room" for a specific class of criminals necessarily implies that said offenders are a class of offenders the incarceration of whom is a higher law enforcement priority than those who are displaced, made a lower priority, so as to "make room." These words are far stronger than those at issue in Coast of Maine Lobster, and which were found to have "singled out for tougher treatment the very species of criminal cases that the jury was being called upon to decide." 538 F.2d at 903.

10. Second, inasmuch as the Court is understood to have meant that the comments were made in the context of referring to a specific case (Potter), while the Coast of Maine Lobster statements were general remarks not made with respect to any specific matter, this is a putative distinction without difference. This is so for, as the Court of Appeals notes, what is

[2] The statement was: "(p)eople who commit so-called white collar crimes are not considered very apt candidates for much time in jail." Coast of Maine Lobster, 538 at 900.

relevant is not the declarant's intent, but the nature of the remarks themselves, and their potential for prejudice. See 538 F.2d at 900, 901 (noting that reversal and remand on basis of mistrial under supervisory powers was intended "not so much to criticize unthinking conduct in the past as to assure more sensitive conduct in the future"; "We confidently assume that this was not an occasion where a prosecutor was seeking a public forum in which to try to influence the jury's verdict."). Thus, whether the remarks are made in connection with a specific case or a statement of general policy in a media interview is of no moment. Similarly, the fact that the "article made no reference to the defendants or to the pending trial," 538 F.2d at 901, is immaterial, just as it was in Coast of Maine Lobster. What matters is the existence and dissemination of the remarks themselves. The intent of the declarant prosecutor is completely irrelevant: the law as set forth by the Court of Appeals for the First Circuit in the Coast of Maine Lobster case is intended to be prophylactic, and is acknowledged as being comparatively draconian. The extreme nature of the remedy is expressly stated to function as a deterrent, an incentive for the prosecution to exercise greater care in its issuance of such potentially prejudicial statements.

11. Plainly, the rushed press release – apparently made late Friday afternoon *after* several press outlets already had posted stories regarding the Potter affirmance with no statement from the U.S. Attorney – the requisite care was not taken. This is evidenced by the typographical errors contained in the press release ("et. al."; open quotation marks) and, most tellingly, and most importantly, by the ill-considered statement of the U.S. Attorney.

12. The Court stated that it did not see what was problematic about the U.S. Attorney's statement. The Court found that the nature of the language in the statement considered in Coast of Maine Lobster was stronger than the language relevant here, and that the latter statement was not self-evidently prejudicial, pointing out that the statement in Coast of

Maine Lobster amounted to a generalized statement that a class of defendants, specifically white collar criminals, were not punished for their offenses with incarceration frequently enough; in contrast, the Court indicated, the U.S. Attorney's statement relevant here equated to no more than a declaration that those politicians and those who work with them who are guilty of public corruption or influence peddling will be incarcerated in federal prisons for their offenses.

13. Here again, Defendants respectively suggest that the Court's conclusions were erroneous, and predicated on an incorrect interpretation of Coast of Maine Lobster. First, Defendants submit that the U.S. Attorney's statements are prejudicial and, indeed, inflammatory. There is a material difference between stating that those found guilty of federal crimes will find themselves in federal prison, essentially how the Court is recalled as having posed the import of the U.S. Attorney's statement, and the far more dramatic language actually employed in the press release: "Today's opinion reaffirms the message to political figures and to those who do business with them – we will make room in federal prison for those who would buy or sell political influence in Rhode Island." The former is a measured statement of fact, an unobjectionable proposition without charged language; the latter resounds with a political swagger, a formulation more befitting a character from an old television western than the leading federal law enforcement officer of the District of Rhode Island.

14. Critically, this Court stated that it had difficulty understanding how the statement of the U.S. Attorney in his press release, which was disseminated in several local and international media outlets, could influence the jury, and that the possibility that it may be prejudicial was not enough to warrant individualized *voir dire*.

15. The First Circuit in Coast of Maine Lobster expressly stated that it did not find the article at issue "sufficiently prejudicial to cause the trial to be constitutionally unfair." 538 F.2d

at 902. Nevertheless, the appellate court held that individual *voir dire* (and, ultimately, reversal and remand) was required by the trial court even though "[t]here was no certainty, perhaps no more than a possibility that the jury would be affected." Id.

16. This Court correctly noted the extraordinary measures it had taken in the jury selection process to ensure a fair and unbiased jury. While that obviously is so, it does not, as the Court is understood to have suggested at least in part, support the proposition that the jury was somehow inoculated against subsequent prejudice.

17. Defendant respectfully submit that "the integrity of the trial was needlessly impugned," 538 F.2d at 903, and that in circumstances such as those here where there is trial in progress with a nearly exact nexus, "the chief prosecutor goes public during trial at considerable risk." Id.

18. Defendants respectfully submit that the Coast of Maine Lobster issue presented to Your Honor is a very serious issue, one which may require a declaration of mistrial, and which warrants the Court's careful reconsideration.

**CONCLUSION**

WHEREFORE Defendants Robert A. Urciuoli, Frances P. Driscoll and Peter J. Sangermano, Jr. respectfully request that this Court reconsider Defendants' Emergency Motion For *Voir Dire* On Exposure To And Impact Of Public Statements Made By The United States Attorney, And Other Relief, conduct forthwith individual, sequestered *voir dire* of the seated and alternate jurors with respect to their exposure to or knowledge of, and the prejudicial effect

thereof, of public statements made by the United States Attorney for the District of Rhode Island, Robert Clark Corrente, and grant such other and further relief as may be appropriate.

Respectfully submitted,

PETER J. SANGERMANO, JR.,
By his attorneys,

/s/ Evan Georgopoulos
James P. Redding (Bar No. 2976)
A. John Pappalardo
Evan Georgopoulos
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
(617) 310-6000
reddingj@gtlaw.com
pappalardoj@gtlaw.com
georgopoulose@gtlaw.com

ROBERT A. URCIUOLI
By his Attorneys,

/s/ Michael J. Connolly
Michael J. Connolly
Hinckley, Allen & Snyder LLP
28 State Street
2nd Floor
Boston, MA 02109
(617) 345-9000
mconnolly@haslaw.com

Richard M. Egbert
99 Summer Street
Suite 1800
Boston, MA 02110
(617) 737-8222
regbert@egbertlaw.com

Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
kpassalacqua@haslaw.com

FRANCES P. DRISCOLL
By her Attorney,

/s/ Kevin J. Bristow

Kevin J. Bristow, Bar No. 3984
505 Turks Head Building
Providence, RI 02903
(401) 521-2849
kjbristowlaw@verizon.net

Dated: September 14, 2006

**CERTIFICATION**

I hereby certify that on September 14, 2006 a copy of the foregoing was electronically filed and served by mail upon counsel unable to accept electronic filing. Notice of this filing shall be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Evan Georgopoulos
Evan Georgopoulos