**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02 MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' OBJECTION TO DEFENDANT**
**ROBERT URCIUOLI'S MOTION IN LIMINE**
**FOR LIMITING INSTRUCTIONS REGARDING RESCUE RUNS**

Defendant Robert Urciuoli has moved the Court *in limine* for a limiting instruction regarding rescue runs. The United States objects to defendant Urciuoli's request for the reasons detailed in the accompanying memorandum of law filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02 MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT ROBERT URCIUOLI'S MOTION IN LIMINE FOR LIMITING INSTRUCTIONS REGARDING RESCUE RUNS**

## I. Introduction

Defendant Robert Urciuoli has moved the Court *in limine* for a limiting instruction regarding rescue runs. The United States objects to defendant's request. Urciuoli requests that the Court provide an instruction to the jury, at the beginning and close of trial, that rescue runs cannot form the basis of an honest services mail fraud conviction and that Rhode Island state law permits legislators to be paid to provide services such as the rescue run advocacy. Nothing in the case law governing honest services fraud prosecutions, the Court of Appeals' decision in United States v. Urciuoli, 513 F.3d 290 (1st Cir. 2008), or the United States' theory of the case warrants the instructions Urciuoli requests.

## II. Argument

In Urciuoli the First Circuit found that John Celona's rescue run advocacy could not qualify as a deprivation of the "honest services" owed to the public. 513 F.3d at 295. However, evidence regarding the rescue run advocacy remains relevant to explain the true nature of the relationship between RWMC, defendants and Celona. It is also evidence that demonstrates that at the time Urciuoli and Driscoll submitted an April 6, 1998 letter to the Ethics Commission,

they knew that Celona was working on issues of importance to RWMC, not, as the letter to the Ethics Commission stated and the attached consulting agreement delineated, promoting the Village at Elmhurst's senior citizen services.

Indeed, during the first trial there was evidence adduced about other activities that Celona undertook on behalf of RWMC, such as making a presentation at a high rise senior facility in North Providence (Centerdale Manor), which helped establish the true nature of Celona's relationship with RMWC – that is, that the contract with the Village at Elmhurst was not what it was purported to be. The rescue runs now fall into the category of other activities that Celona performed but which will not be presented to the jury as conduct which constitutes a deprivation of honest services. Rather, it is evidence of the relationship. Therefore, the instruction is unnecessary, just as an instruction regarding other conduct that would be unnecessary. For instance, it is not necessary to instruct that Celona's appearance at Centerdale Manor in North Providence or his hosting of defendant Urciuoli on his cable access show did not constitute a deprivation of honest services.

As the <u>Urciuoli</u> decision makes clear, and as is more fully developed in the United States' objection to defendant Frances Driscoll's motion in limine that certain instructions on state law be given to the jury, the primary theory of the government's case is that Urciuoli and Driscoll paid Celona in exchange for official acts and hid that fact from the public in order to continue to pay Celona. 519 F.3d at 299. "What the jury is to be given is the law <u>pertinent</u> to the case before it." <u>United States v. Potter</u>, 463 F.3d at 9, 19 (1st Cir. 2006) (emphasis added). In this case, in endorsing the trial court's rejection of defendants' proposed state law jury instruction, the Circuit has already stated that such an instruction is not "pertinent:"

> Conceivably in some circumstances, state law might bear on what "services" are owed by a state legislator. But just how far state law might be a premise for honest services fraud, cf Sawyer I, 85 F.3d at 728, or alternatively, might "immunize" conduct that would otherwise be a federal crime, are tricky questions and may depend *inter alia* on precisely what the government has charged. The issue could be pertinent here *if* the government in this case had chosen to proceed on the theory that a conflict of interest alone (as opposed to a bribe or a concealment of a conflict) was a basis for conviction.
>
> But the government's position throughout was that Celona was being paid for performing official acts – specifically, that the case was one of quid pro quo bribery with payments routed through the Village as a disguise. Nothing in Rhode Island law purports to authorize or protect such conduct.

Urciuoli, 513 F.3d at 289-99 (emphasis added).

Whether certain employment is or is not allowed under Rhode Island state law is irrelevant. Indeed, the Rhode Island Ethics Code does not even address the types of employment which are permissible. See e.g. R.I. Gen. L 36-14-1 et. seq. Instead, it outlines what constitute prohibited acts, R.I. Gen. L 36-14-5, and what constitute conflicts of interest under Rhode Island Law. R.I. Gen. L 36-14-6 and 7. Hence the instruction is unwarranted and can only lead to confusion if given to the jury.

## III. Conclusion

Based upon the foregoing, defendant Urciuoli's motion *in limine* should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on July 8, 2008, I electronically filed this Objection and Memorandum with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos